274 So.2d 368

Kenneth SHILTS

v.

STATE.

4 Div. 155.

Court of Criminal Appeals of Alabama.

Dec. 27, 1973.

J. D. McKinstry, Jr., Dothan, for appellant.

JOHN B. TALLY, Circuit Judge.

Appellant, Kenneth Shilts, pleaded guilty to the charge of indecent molestation of a child (Title 14, § 326(2), (Code 1940 as amended) and was sentenced to the penitentiary for eight years. While so confined, he applied for the writ of error coram nobis which, after a hearing, the Circuit Court of Houston County denied and he appeals.

Since the hearing below developed an error of law apparent on the record, we treat the notice of appeal and the record as a petition for a writ of error simpliciter, Code 1940, Title 15, § 383.

The second paragraph of Title 14, § 326(2) [1], added to the former statute by amendment approved September 6, 1967, provides for penitentiary punishment for a term not to exceed five years for the first conviction and for not less than two nor

1. "Any person violating this section shall be guilty of a felony and shall upon his first conviction be punished by confinement in the penitentiary for a period not to exceed five years, or by a fine not to exceed five thousand dollars, or by both fine and imprisonment; any person who shall be convicted for the second violation of this section shall be guilty of felony and shall be punished by confinement in the penitentiary for not less than two nor more than ten years; and any person who shall be convicted for the second violation of this section shall not be eligible for probation (1955, p. 932, appvd. Sept. 9, 1955, 1967, p. 976, appvd., Sept. 6, 1967.)"

more than ten years for the second conviction.

When appellant was before the trial court for sentencing, he was asked about former convictions for similar offenses shown by an F.B.I. "rap sheet" to have been committed by him in Texas and California. On the basis of these former convictions, the court imposed an eight year sentence by the authority of the antirecidivist provision of the above mentioned paragraph. There was no evidence of a former conviction in Alabama after the effective date of the amendatory statute.

 Without considering the admissibility of information obtained from F.B.I. records as evidence of former convictions, we hold that the trial court was under a misapprehension of fact when it determined that appellant had previously been convicted of violating Title 14, § 326(2) of the Code. The additional punishment authorized by our statute is for the "second violation of *this* section" (emphasis added), not for the violation of similar statutes in other jurisdictions.

"Penal statutes are to be strictly construed in favor of persons sought to be subjected to their operation." Smith v. U. S., 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041; Fuller v. State, 257 Ala. 502, 60 So. 2d 202; Schenher v. State, 38 Ala.App. 573, 90 So.2d 234.

From a consideration of the record, we conclude that the maximum punishment to which the appellant was subject was a sentence of five years and a fine of five thousand dollars and that the imposition of an eight year sentence was error.

It results that the cause must be remanded for resentencing. Credit should be given for prior servitude under the original sentence.

The foregoing opinion was prepared by John B. Tally, Circuit Judge, temporarily on duty on the court pursuant to subsection (4) of § 38, Title 13, Code 1940, as amended; the court has adopted his opinion as its own.

The judgment below is hereby modified and the cause remanded.

Remanded with directions.

CATES, P. J., and ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.