BOWEN W. SIMMONS, Retired Circuit Judge.
On August 25, 1971, appellant entered pleas of guilty to eight different indictments charging embezzlement of money. She was sentenced to one year and one day in each case, and was placed on probation for nine years. On October 12, 1977, at a hearing which appellant was present with her attorney, the probation was revoked. Appellant appeals from a judgment of revocation.
It appears in the record that appellant, on August 8, 1977, signed a written acknowledgment of the charges against her for probation violations. The violations were:
“1. Violation Condition 1: Failure to Report to Probation Officer As Directed.
2. Violation Condition 8: Failure to Remain In Specified Place As Directed By The Probation Officer.
3. Violation Condition 9: Failure to Pay Court Costs.”
Also it appears in the record that she was given a brief summary of the evidence to be offered in support of each violation as listed above. Hence, she went into court informed about the violations facing her.
Omitting the style of the case, the judgment of the court in each case with respect to the violations reads as follows:
“This 12th day of October, 1977, it having been made known to the Court by Probation Officer Will Bynum, that, in his opinion, the defendant has probably violated the terms of her probation, and the defendant having been duly notified of said charges, and being in open Court, and on being asked by the Court if she had anything to say as to why her probation should not be revoked, the defendant says nothing.
“After hearing all the evidence, the Court is of the opinion that the defendant has violated the terms of her probation. It is therefore considered, ordered, and adjudged by the Court that the probation of the defendant be and is hereby revoked. It is further ordered that the said sentence pronounced against the defendant be and same is hereby put into immediate execution.
“This the 13th day of October, 1977, defendant through her attorney, Fred Pickard, gives oral notice of Appeal. Sentence suspended pending appeal.”
The Supreme Court of Alabama has provided guidelines to be followed in proceedings to revoke probation. Armstrong v. State, 294 Ala. 100, 312 So.2d 620. These guidelines comport with Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; also, see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.
Guideline No. 1 in Armstrong reads:
“Written notice to the probationer of the claimed violations of probation.”
It appears in the record (Tr. 37) that the court revoked probation of appellant because she had failed for six years to make restitution of the embezzled funds. No *516 mention was made of any other grounds. The court commented that restitution was one of the grounds he had imposed.
The written notice of violations, supra, did not include restitution. Appellant was entitled to written notice of this claimed violation; namely, failure to make restitution. She would be entitled to a summary of the evidence for failure to make restitution. Failure to give the written notice is grounds for reversal of the judgment and remand of the cause.
The trial court upon making a decision will fully comply with Guideline No. 5, which reads:
“A written statement by the judge as to the evidence relied on and reasons for revoking probation."
The judgment is reversed and the cause is remanded.
The foregoing opinion was prepared by BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.'
All the Judges concur, except DeCARLO, J., who dissents.