This case, before the Court upon writ of certiorari, involves the review of a conviction of assault with a deadly instrument upon a peace officer engaged in the active discharge of his lawful duty. The Court of Criminal Appeals affirmed the judgment rendered by the trial Court. We reverse and remand.
The facts are fully set out in the opinion of the Court of Criminal Appeals, Robinson v. State, 361 So.2d 1109 (1977); but, because of the matters discussed herein, a somewhat detailed recital is appropriate. On December 26, 1975, Officer Donald P. Jones, of the Birmingham Police Department, was off-duty. At that time, though in full uniform, he was employed by the First National Bank of Birmingham as a security guard.
At approximately 3:00 P.M., he received a report of a fight outside one of the drive-in windows. He walked out to investigate the report and saw a car with three black males in it parked at one of the windows. Upon walking up to the vehicle, Petitioner allegedly brandished a .22 calibre pistol and pointed it at Jones. The Petitioner allegedly attempted to fire the pistol three times, but the gun misfired. Thereafter, three *Page 1114 
shots were fired at Jones, and then Petitioner fled the scene on foot. Jones apprehended him a short distance away.
Robinson was indicted and convicted of the offense of assaulting with a deadly instrument a peace officer engaged in the active discharge of his duties; hence, this appeal. He asserts that the circumstances set out above do not constitute the offense for which he was charged because the officer was not engaged in the active discharge of his duties as a peace officer.
Title 14, § 374 (20), Code (1973 Supp.),[1] provides:
 Assault with deadly instrument upon peace officer in performance of his duties. — Whenever any peace officer or other law enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to commit any assault with a deadly instrument upon such officer, and any person guilty of such assault with a deadly instrument shall be guilty of a felony, and upon conviction shall be imprisoned in the penitentiary for not less than two years nor more than twenty years. (Emphasis added.)
Thus, the constituent elements of this offense are: (1) assault upon a peace officer; (2) who was engaged in the active discharge of his lawful duties, and (3) with a deadly instrument. McKinney v. State, 50 Ala. App. 271, 278 So.2d 719
(1973). See, also, Curlin v. State, 84 Tex.Cr. 602,209 S.W. 666 (1919).
The sole question presented is whether, under the circumstances set out above, Officer Jones was "engaged in the active discharge of his lawful duty or duties." Under the facts here presented, this appears to be a question of first impression.
It is undisputed that Jones, though in full uniform (including his badge), was off-duty and employed as a bank security guard. He witnessed no misdemeanor and received no report of a felony. The only offense of which he had personal knowledge was the assault itself.
The Court of Criminal Appeals, citing Tit. 15, § 154, Code,[2]
held that, because Jones was authorized to make arrests under certain situations, he was engaged in the active discharge or his duties. See Alexander v. State, 274 Ala. 441, 150 So.2d 204
(1963). This overlooks the question ably presented in Judge Bookout's dissent. If such were the case, Judge Bookout asks, what then, would be the legislative purpose in adding the phrase: "engaged in the lawful discharge of his duties"? By the majority opinion below, any assault upon a police officer, at any time and under any circumstances, would violate the Code section under consideration merely because such officer is always authorized to make certain arrests. Certainly, this is not what the Legislature intended by the statute.
Criminal statutes are to be strictly construed. Shilts v.State, 49 Ala. App. 594, 274 So.2d 368 (1973). Furthermore, it cannot be presumed the Legislature has used language without any meaning or application. Fletcher v. Tuscaloosa FederalSavings and Loan Ass'n, 294 Ala. 173, 314 So.2d 51 (1975). Therefore, we must construe and apply the phrase: "engaged in the active discharge of his lawful duty or duties."
In the case before us, there was no activating circumstance which would transform Jones from a bank guard to a peace officer. The assault itself cannot render this metamorphosis; there must be some prior circumstance which has occasioned the change from private citizen to peace officer.
Here, Jones was pursuing a personal activity — performing the duties of his "moonlighting" employer, the bank. There was no prior offense committed in his presence upon which he was acting. Therefore, because Jones was not engaged in the active discharge of his lawful duties as a peace officer at the time of the assault, the conviction must be reversed. See generally, *Page 1115 Hutto v. State, 53 Ala. App. 685, 304 So.2d 29, cert. denied,293 Ala. 758, 304 So.2d 33 (1974); Curlin, supra; and Williamsv. State, 45 Wis.2d 44, 172 N.W.2d 31 (1969).
The decision of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., dissents.
[1] § 13-1-42, Code 1975.
[2] § 15-10-3, code 1975.