Appellant pleaded guilty to burglary second degree and theft of property first degree on September 15, 1980. He received sentences of two years and three years, respectively, on the aforesaid pleas. Appellant made application for probation and on October 23, 1980, appellant was given a split sentence of twelve months in the penitentiary *Page 493 
with credit for time served and four years' probation.
On November 19, 1981, appellant was arrested for driving under the influence. At the time of appellant's arrest, 4.57 grams of marijuana and methaqualone were found in his possession. Appellant was convicted by a jury for driving under the influence of controlled substances on March 18, 1982, for which he received a sentence of twelve months. On March 19, 1982, appellant received written notice of a probation revocation hearing that would be held on March 24, 1982, to consider charges of (1) driving under the influence, and (2) possession of marijuana and amphetamines.
On March 24, 1982, appellant moved for a continuance of the revocation hearing because an appeal had been filed by appellant on his conviction for DUI and due process requirements of total disclosure of the charges or the evidence that would be presented against the appellant had not been met. Said motion for continuance was denied by the court. The hearing proceeded and appellant's probation was revoked. This appeal followed.
The appellant contends that the Circuit Court erred in revoking his probation without first granting the appellant a continuance to investigate the nonspecific charges of "driving under the influence" and "possession of marijuana and amphetamines." The appellant claims that, by failing to grant the said continuance, the court denied him his minimal due process rights in that the non-specific notice of charges did not disclose what specific incidences such concerned or the evidence of same. Appellant further claims that such non-disclosure severely hampered his ability to refute the charges and evidence against him. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
Certain requirements and guidelines must be met for minimum due process purposes before a person's probation can be revoked. The Supreme Court of Alabama in Armstrong v. State, supra, set out the requirements which must be met for minimal due process to be accorded a probationer under the decision ofMorrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). They are:
 "1. Written notice to the probationer of the claimed violations of probation.
 2. Disclosure to the probationer of evidence against him or her.
 3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
 4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
 5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
 6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
 7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
 8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
 9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960)." *Page 494 
Appellant relies on the first, second, and seventh requirements for this appeal; i.e. (1) that he was not given adequate written notice of the claimed violations of probation; (2) that no disclosure of the evidence against him was made; and (3) that lack of sufficient notice of the charges and evidence to be relied upon for revocation of probation has resulted in not allowing appellant sufficient time to prepare to refute the charges and evidence against him. Since appellant bases his appeal on these three assertions, the other requirements set out in Armstrong, supra, are not discussed.
Concerning appellant's first argument as to his lack of adequate written notice of the claimed violations of probation, the record reflects that on March 19, 1982, appellant signed a probation violation notification form which indicated appellant violated the terms of his probation by driving under the influence and possession of marijuana and amphetamines. Appellant claims that such notice was vague as to the charges of his probation violation. At the hearing, the trial judge indicated that just the previous week appellant had been tried and convicted by a jury in his courtroom for driving under the influence of controlled substances. The record also indicates that the appellant had been indicted on the marijuana and amphetamine possession, but this case had not yet come to trial. Such evidence indicates that appellant had sufficient written notice as to the charges of probation violation.
As to appellant's charge that there was no disclosure of the evidence against him prior to the hearing of March 24, 1982, the record states that the week prior to the probation revocation hearing the appellant had been tried and convicted by a jury in the trial judge's courtroom for driving under the influence of controlled substances. There, the evidence was presented against appellant and he had the opportunity to confront and cross-examine witnesses against him. Since the judge based the probation revocation on the DUI conviction that was returned in his own courtroom, the appellant had sufficient notice of the evidence that would be used against him.
Appellant's third charge that lack of sufficient notice of the charges and evidence to be relied on for revocation of probation resulted in not allowing appellant sufficient time to prepare to refute the charges and evidence against him fails since appellant had adequate written notice of his probation violations and the evidence on which his probation revocation was based.
A careful review of the record reveals no reversible error, and judgment revoking probation is affirmed.
AFFIRMED.
All the Judges concur.