Appellant was sentenced to three years' imprisonment upon his plea of guilty for the offense of receiving stolen property and was granted probation. A probation arrest warrant was issued on July 21, 1983, which stated the reasons for which the appellant's probation was to be revoked. A hearing was held on August 2, 1983, resulting in revocation of appellant's probation.
 I
Appellant contends that his right to minimal due process was violated because he was not given proper notification of his alleged probation violations due to the variances in the probation arrest warrant, the probation "Supervisor's Report on Delinquent Probationer," and the order revoking probation. We disagree.
The reasons given for revocation in the probation arrest warrant were as follows:
 (1) Committing the offense of driving while suspended.
 (2) Committing the new offense of driving under the influence.
 (3) Failure to pay the fine and costs in the DWS case.
 (4) Failure to pay the fine and costs in the DUI case.
 (5) Failure to pay the costs and restitution in the case for which he was on probation.
(6) A pending charge of robbery in the first degree.
(7) Pending charge of assault in the third degree.
A delinquency report was prepared by the probation officer prior to the revocation hearing and given to the appellant. In this report, the following violations were asserted in support of revocation: *Page 991 
(1) Committing the new offense of harassment.
(2) Committing the new offense of disorderly conduct.
 (3) Committing the new offense of driving with no driver's license.
 (4) Committing the new offense of driving under the influence.
 (5) Committing the new offense of driving while suspended.
 (6) Committing the second new offense of driving while suspended.
(7) Committing the second new offense of harassment.
(8) A pending charge of robbery, first degree.
 (9) Associating with individuals of bad reputation or harmful character.
(10) Failure to avoid injurious habits.
 (11) Failure to avoid places of bad reputation or harmful character.
 (12) Failure to pay the costs and restitution in the case for which he was on probation.
After the probation revocation hearing, the court ordered that the appellant's probation be revoked and his sentence be put into effect. The order cited the following reasons:
(1) Committing the new offense of harassment.
(2) Committing the new offense of disorderly conduct.
 (3) Committing the new offense of driving with no license.
 (4) Committing the new offense of driving under the influence.
 (5) Committing the new offense of driving while suspended.
(6) Committing the second new offense of harassment.
(7) A pending charge of robbery, first degree.
 (8) Failure to pay costs and restitution in the case for which he was on probation.
(9) Conduct below the minimum standard.
It is well settled that probation revocation hearings are not criminal prosecutions. Austin v. State, 375 So.2d 1295
(Ala.Cr.App. 1979). They are not, however, civil proceedings. Probation "is an act of grace extended to one already convicted of a crime in a trial providing the full protection of due process of law, the rights of an offender in a probation revocation hearing are not those extended by the Constitution of the United States to one on trial in a criminal prosecution." State v. Baines, 40 N.C. App. 545, 550,253 S.E.2d 300, 303 (1979). The United States Supreme Court established guidelines for revocation of parole in Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and revocation of probation in Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Our Supreme Court, followingMorrissey and Gagnon in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (Ala. 1975), set the requirements and guidelines which must be met for minimum due process in Alabama.
Notice of violations of probation is given the probationer so that he may have adequate time to prepare to refute the charges against him. Spann v. State, 426 So.2d 492 (Ala.Cr.App. 1982). The notice should contain the charges in language that an ordinary person could understand. Donaldson v. State,435 So.2d 223 (Ala.Cr.App. 1983). Sheffield had notice of the charges against him here from the probation arrest warrant and from the "Supervisor's Report on Delinquent Probationer." From the record it appears that the appellant had sufficient time to prepare his defense against the charges.
The written statement issued by the judge as to the evidence relied on and the reasons for revoking probation "allow[s] the reviewing court to determine whether there was a factual basis for revocation and . . . provide[s] a probationer with a record of the proceedings so as to protect him from a second revocation proceeding based on the same conduct." Kartman v.Parratt, 535 F.2d 450, 458 (8th Cir. 1976). If there had been new charges brought against appellant during the hearing, of which there had been no *Page 992 
notice, or if the court had failed to state the basis for its action, then the appellant might not have enjoyed minimum due process. See Taylor v. State, 405 So.2d 55 (Ala.Cr.App. 1981), and Walker v. State, 358 So.2d 514 (Ala.Cr.App. 1978). In summary, we find that the variances between the probation arrest warrant, the "Supervisor's Report on Delinquent Probationer," and the order revoking probation are not harmful to the appellant, since he received notice of all the charges relied on by the court in its final determination. Appellant received due process.
 II
Appellant also contends that his right to minimal due process was violated by the failure of the court to inform him of his right to counsel and by the failure of the court to appoint counsel to assist him at the revocation hearing. Armstrong v.State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975), holds that "the judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel." The case before us is relatively simple and the appellant admitted some of the violations with which he was charged. It may not be as clear as we might like it to be that the court informed the probationer of his right to counsel. The court presumed such a request and denied it on the record. We find that the proceedings comported with due process.
In light of the foregoing, this case is affirmed.
AFFIRMED.