BOWEN, Presiding Judge.
Raymond Eddie Morgan, Jr. was charged with being in violation of his parole by having in his possession a forged prescription. His probation was revoked because he attempted to obtain a controlled substance by fraud. The undisputed evidence shows that a prescription for Talwin was telephoned to a drugstore and that the prescription was never authorized or ordered by the physician who allegedly made the phone call. Morgan never had any prescription in his possession, although he did attempt to, and did in fact, receive some of the Talwin from the false prescription.
Alabama Code 1975, § 20-2-70, provides in pertinent part that “any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order ... controlled substances ... is guilty of a felony.” (Emphasis added.)
The evidence against the probationer shows that he attempted to obtain by fraud a controlled substance, not that he had in his possession a forged prescription. One of the requirements of Armstrong v. State, 294 Ala. 100, 102, 312 So.2d 620, 622 (1975), is “[wjritten notice to the probationer of the claimed violations of probation.” “Notice of violations of probation is given the probationer so that he may have adequate time to prepare to refute the charges against him. Spann v. State, 426 So.2d 492 (Ala.Cr.App.1982).” Sheffield v. State, 445 So.2d 989, 991 (Ala.Cr.App.1984).
Although a written notice of a violation of probation and an indictment are not identical, both serve to inform a person of charges against which he must defend and may be regarded as similar in this respect. Hence, the following statement from Ex parte Hightower, 443 So.2d 1272, 1273 (Ala.1983), applies here:
“An indictment must specify the conduct sought to be condemned so that the defendant may have an Opportunity to prepare a defense if one is available.... In this case the solicitor’s complaint specified one type of conduct and the proof showed another.”
*6 Hightower held that, in a prosecution for sexual misconduct, there was a fatal variance between an indictment charging sexual intercourse without consent and proof of sexual intercourse with consent. Here, the motion to revoke probation and the “supervisor’s report on delinquent probationer” charged the probationer with the wrong conduct:
“ ‘The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.’ ” House v. State, 380 So.2d 940, 942-43 (Ala.1979) (emphasis added).
Under these circumstances, the probationer did not receive proper notice of the charges against him as required by Armstrong, supra.
The Attorney General has in effect admitted error in the revocation of Morgan’s probation by declining to file a brief “[a]fter examining the record in this ease and based on Armstrong, ... and its progeny.”
The judgment of the circuit court revoking Morgan’s probation is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.