480 So.2d 50 (1985)
Jimmie RINGSTAFF
v.
STATE.
3 Div. 145.
Court of Criminal Appeals of Alabama.
October 8, 1985.
On Return to Remand November 26, 1985.
Benjamin E. Pool, Montgomery, for appellant.
*51 Charles A. Graddick, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
Jimmie Ringstaff appeals from the revocation of his probation. Six issues are raised on appeal.

I
Ringstaff was serving a term of probation from a conviction for possession of cocaine when he was arrested for second degree theft and first degree escape in an incident involving the shoplifting of a roast and the flight from County Sheriff's Deputy L.B. Bodiford, Jr., who was working as a security officer for a Winn-Dixie grocery store. Although the State failed to prove the value of the stolen roast, the State did not have to prove Ringstaff's guilt beyond a reasonable doubt. In a probation revocation hearing, the trial judge need only be "reasonably satisfied from the evidence that the probationer has violated the condition of his probation." Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975). The trial judge found "it ludicrous to think that somebody walks around Winn Dixie with a roast in his pants."
Because there was no evidence of the value of the roast, the State failed to present a prima facie case of theft in the second degree. However, the evidence supports a finding that Ringstaff committed the misdemeanor offense of theft of property in the third degree in violation of Alabama Code 1975, § 13A-8-5. This served as a proper ground upon which to revoke Ringstaff's probation. In Wilcox v. State, 395 So.2d 1054 (Ala.1981), our supreme court held that an implicit condition of every probation is that the probationer will not commit another criminal offense while serving a suspended or probationary sentence.

II
Ringstaff argues that he was not guilty of first degree escape because there was no showing that he escaped from the custody of a "public servant".
It is undisputed that Ringstaff was apprehended by Deputy Sheriff Bodiford, who was "off-duty" and was working as a security officer for Winn-Dixie. The officer had one handcuff on Ringstaff when Ringstaff grabbed the officer's weapon, pointed it at him, and escaped. Deputy Bodiford testified that, when he initially approached Ringstaff, he produced his identification but before he could actually identify himself Ringstaff fled. The deputy stated that he "thought" that Ringstaff recognized him "as being a police officer." Ringstaff argues that the deputy was working for a private concern and was not a public servant.
Escape in the first degree occurs when a person "employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody." Alabama Code 1975, § 13A-10-31(a)(1). "Custody", insofar as relevant to this appeal, is defined as "[a] restraint or detention by a public servant pursuant to a lawful arrest...." § 13A-10-30(b)(1).
Escape is dealt with in Article 2 of Chapter 10 of Title 13A (§ 13A-10-30 through § 13A-10-45). That article does not define "public servant". Article 1 of Chapter 10 of Title 13A (§ 13A-10-1 through § 13A-10-12) deals with offenses relating to the obstruction of public administration. For purposes of that article, a "public servant" is "[a]ny officer or employee of government, including legislators and judges and any person or agency participating as an adviser, consultant or otherwise in performing a governmental function." § 13A-10-1(7). The Commentary to § 13A-10-2 provides: "`Public servant' is defined in § 13A-10-1(7) to include `any officer or employee of government, including legislators and judges,' and includes quasi-public servants if they are operating in the capacity of `an adviser, consultant, or otherwise in performing a governmental function.'" While that definition of "public servant" is stated to expressly apply to *52 Article One, but is not stated to apply to Article Two governing escapes, both Articles are part of Chapter 10 of Title 13A defining offenses against public administration. Consequently, we see no distinction between a public servant for purposes of Article One and one for purposes for Article Two.
A deputy sheriff is a public servant as defined by § 13A-10-1(7) because he is an "officer or employee of government." He is specifically authorized by § 15-10-1 to make arrests for criminal violations. Section 15-10-14 authorizes a peace officer to arrest a shoplifter: "Any peace officer may arrest without warrant any person he has probable cause for believing has committed larceny in retail or wholesale establishments."
The fact that a law enforcement officer is "off-duty" at the time he makes an arrest does not affect the legality of the arrest. Hutto v. State, 53 Ala.App. 685, 689-90, 304 So.2d 29, 32-33, cert. denied, 293 Ala. 758, 304 So.2d 33 (1974). The fact that the off-duty deputy sheriff was working as a security officer at a grocery store did not diminish his authority to make an arrest as a law enforcement officer.
In Robinson v. State, 361 So.2d 1113 (Ala.1978), our supreme court construed the crime of assault with a deadly instrument upon a peace officer in the performance of his duties. That court held that this crime was limited to an assault upon a law enforcement officer "engaged in the active discharge of his lawful duty or duties" and not to an assault upon a police officer who was "moonlighting":
"In the case before us, there was no activating circumstance which would transform Jones from a bank guard to a peace officer. The assault itself cannot render this metamorphosis; there must be some prior circumstance which has occasioned the change from private citizen to peace officer.
"Here, Jones was pursuing a personal activityperforming the duties of his `moonlighting' employer, the bank. There was no prior offense committed in his presence upon which he was acting. Therefore, because Jones was not engaged in the active discharge of his lawful duties as a peace officer at the time of the assault, the conviction must be reversed." Robinson, 361 So.2d at 1114.
Here, the "prior circumstance which ... occasioned the change from private citizen to peace officer" was the commission of the offense of theft. In this case, Deputy Bodiford was engaged in the active discharge of his lawful duties as a peace officer at the time of the arrest.
In Robinson, the court's opinion hinged on the particular language of the assault statute in that the term "peace officer" was modified by the phrase "engaged in the active discharge of his lawful duty or duties." In the statute defining escape, as well as in the definitions of "custody" and "public servant", there is no requirement that the escape be from a public servant engaged in a governmental function, although a peace officer making an arrest is, in fact, engaged in a governmental function. We find that Ringstaff was guilty of first degree escape in using a deadly weapon to escape from an "off-duty" deputy sheriff who had placed him under arrest.

III
The record contains no written statement by the judge as to the evidence relied on for revoking probation. Such a statement is required by Armstrong, 294 Ala. at 103, 312 So.2d at 623. Although there is conflicting authority as to whether this requirement is satisfied by the existence of a written transcript of the revocation hearing, Salter v. State, 470 So.2d 1360 (Ala.Cr.App.1985), Joiner v. State, 454 So.2d 1048, 1049 (Ala.Cr.App.1984), the judge's order of revocation is insufficient for other reasons.
In his order, the judge revoked Ringstaff's probation "due to Defendant's committing new offenses of Theft II and Escape I and his failure to pay Court ordered fine, Court costs and attorney's fees." In his oral findings following the revocation *53 hearing, the judge stated that "the Court determines that there would not be sufficient cause at this time to revoke your probation for failure to pay the court ordered fine, court costs and attorney's fees." In part I of this opinion, we found that there was insufficient evidence to find Ringstaff guilty of theft in the second degree.

IV
In Alabama, a probationer, who has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation, is not entitled to a preliminary and a final revocation hearing. Armstrong, 294 Ala. at 103, 312 So.2d at 623; Rice v. State, 429 So.2d 686, 687 (Ala.Cr. App.1983).

V
Ringstaff was arrested on November 11, 1984, for theft and escape. The probation revocation hearing was held on November 19, 1984. There is nothing in the record to show that the trial judge abused his discretion in denying defense counsel's motion for a continuance wherein counsel alleged that he had not had "a chance to help Jimmy in any constructive way." In making his oral motion, defense counsel made no specific allegation that he had had insufficient time to prepare a defense. Sheffield v. State, 445 So.2d 989 (Ala.Cr.App.1984); Spann v. State, 426 So.2d 492 (Ala.Cr.App.1982).
Motions for continuance on the ground that counsel had not had sufficient time to prepare and make a defense "are addressed to the sound discretion of the trial court and the exercise thereof is not subject to review except for gross abuse." Smith v. State, 282 Ala. 268, 275, 210 So.2d 826, 832 (1968).
Whether a judge has abused his discretion in ruling on a continuance "must be decided on a case by case basis in light of the circumstances presented, particularly the reasons for continuance presented to the trial court at the time the request is denied." United States v. Uptain, 531 F.2d 1281, 1285-86 (5th Cir.1976). Here, the request for continuance was rather general and was not "advanced with the specificity and detail that is feasible under the circumstances." Uptain, 531 F.2d at 1291. In finding no abuse of the judge's discretion in denying the continuance, we have considered those factors which are deemed "highly relevant in assessing claims of inadequate preparation time."[1]Uptain, 531 F.2d at 1286.

VI
Ringstaff alleges that he was not afforded written notice of the claimed violations of probation. This issue is raised for the first time on appeal and is not supported by the record, that record being silent on this issue. Although a probationer is entitled to written notice of the claimed violations of probation, Armstrong, 294 Ala. at 102, 312 So.2d at 622, Donaldson v. State, 435 So.2d 223-24 (Ala. Cr.App.1983), this issue is without merit in this case because it was never raised in the circuit court at any time and because the record does show that the trial judge read the charges to Ringstaff at the beginning of the revocation hearing and that defense counsel had seen a copy of the probation officer's supervisory report. Additionally, there is the fact that defense counsel apparently attempted to arrange for Ringstaff to "work with certain investigators or detectives." His offer was rejected because of the seriousness of the revocation charges.
*54 This cause is remanded so that the trial judge may correct his order of revocation as indicated in this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
This Court remanded this cause in order that the trial court could clarify and provide a sufficient order of revocation of probation. On return to remand, the trial court found that "this Court is reasonably satisfied that the Defendant has violated the terms of his probation by committing the new offense of Theft of Property and Escape I." With this clarification and for the reasons stated in our opinion upon original submission, we find that the complete and corrected record shows that Ringstaff's probation was properly revoked. The judgment of the circuit court is affirmed.
OPINION EXTENDED; JUDGMENT AFFIRMED.
All Judges concur.
NOTES
[1] "We have deemed the following factors highly relevant in assessing claims of inadequate preparation time: the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution. We have also explicitly considered the adequacy of the defense actually provided at trial, the skill and experience of the attorney, any pre-appointment or pre-retention experience of the attorney with the accused or the alleged crime, and any representation of the defendant by other attorneys that accrues to his benefit." United States v. Uptain, 531 F.2d 1281, 1286-87 (5th Cir.1976).