TAYLOR, Judge.
This is an appeal from appellant's probation revocation. On January 28, 1985, the appellant pleaded guilty to burglary in the third degree (hereinafter referred to as “Conviction I”). He was placed on probation for three years. On May 24, 1985, the appellant was arrested for assault in the third degree. The appellant had assaulted his girlfriend, Mollie Suggs. On September 13, 1985, he was convicted of this assault (hereinafter referred to as “Conviction II”), but was allowed to continue on probation from Conviction I. On August 18, 1986, he was again arrested for assault in the third degree, a violation of his probation. In addition to this violation, he had failed to pay court costs and was found to have been drinking alcoholic beverages. This second assault again was on his girl friend, Mollie Suggs. His probation revocation hearing was held on August 29, 1986.
*1055 The appellant argues that his due process rights were violated in revoking his probation. Before his revocation hearing was held, the appellant signed a probation revocation notification form. This form stated that the charges against him were: (1) assault in the third degree, (2) a violation of a special condition of probation (drinking alcoholic beverages) and (3) failure to pay court costs. The form made no mention of Conviction II. At his probation revocation hearing the state put into evidence the three items mentioned on his probation revocation notification from. However, the state also offered additional evidence: a certified copy of the case action summary from the District Court of Franklin County evidencing Conviction II and the “Supervisor’s Report on Delinquent Probationer” dated May 28, 1985, concerning Conviction II.
Following the guidelines of the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and as applied to probation revocation in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Alabama Supreme Court set forth the requirements and guidelines which must be met for minimal due process to be accorded the probationer in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), as follows
“1. Written notice to the probationer of the claimed violations of probation.
“2. Disclosure to the probationer of evidence against him or her.
“3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
“4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
“5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
“6. The trial judge who granted probation may also conduct the revocation heraing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
“7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
“8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
“9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably statisfied from the evidence that the probationer has violated the conditions of his probation. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960)."
The first two requirements are that the probationer is to receive written notice of the claimed violations of probation and disclosure of evidence against him. “Notice of violations of probation is given the probationer so that he may have adequate time to prepare to refute the charges against him. Spann v. State, 426 So.2d 492 (Ala.Cr.App.1982).” Sheffield v. State, 445 So.2d 989, 991 (Ala.Cr.App.1984). The trial court, in revoking appellant’s probation, gave its grounds as follows:
“Upon consideration of the supervision report on delinquent probationer and the exhibits offered by the State, the Court finds from the evidence that the defendant has violated the terms and conditions of his probation heretofore imposed by the Court on January 28, 1985, in that he was convicted of the offense of assault in the third degree on September 13, 1985.”
The probation revocation notification did not disclose that the state was relying on the third degree assault charge and convic *1056 tion dated September 13, 1985 (Conviction II). Therefore, the appellant did not receive any written notice that this evidence was to be used against him as mandated by the United States Supreme Court in Brewer, supra, and Scarpelli, supra, and by our Supreme Court in Armstrong, supra. Because the requirement for minimal due process was not met, we must hold that appellant’s constitutional rights were violated and we are constrained to reverse appellant’s probation revocation.
For the reasons set forth, the judgment of the trial court is reversed.
REVERSED AND REMANDED.
All the Judges concur.