Douglas Ray Stevens was originally indicted for buying, receiving or concealing stolen property, sentenced to the penitentiary and thereafter placed on probation following his release from federal custody.
While on probation, new charges were brought against the appellant and the trial court set these matters for hearing after giving the appellant due notice of the nature of the charges, and the cause being continued twice in order to take testimony, the matter was then taken under submission.
 I
We have carefully reviewed this record in light of the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975) and authorities therein cited, and find that the requirements set forth were here observed except that the trial judge simply stated orally that he was revoking probation and did not comply with Armstrong v. State, supra, in that the trial judge failed to set forth a "written statement by the judge as to the evidence relied on and the reason for revoking parole".
We therefore remand this cause to the trial court with directions to enter an appropriate order setting forth the reasons for revoking probation and that a supplemental record including such order be forwarded this court as soon as practical.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return To Remand