TYSON, Judge.
Larry Wayne Bolinger was originally charged by indictment with assault in the first degree and following negotiations entered a plea of guilty to assault in the second degree and was sentenced to one year and one day in the penitentiary as punishment. His counsel applied for probation and the matter was set for hearing. The trial judge granted the petition and placed Bolinger on probation for a period of three years. The conditions of probation were set forth in the order.
While on probation new charges were brought against this appellant and the trial court then set these matters for hearing after giving the appellant due notice of the nature of the charges, and the cause was set down and testimony taken from several witnesses.
I
We have carefully reviewed this record in light of the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and authorities therein cited. We find that the requirements set forth were here observed, except that the trial judge in his order revoking probation simply stated that probation was revoked and the original sentence reinstated.
We are of the opinion that such order does not comply with Armstrong v. State, supra, in that the trial judge failed to set forth a “written statement by the judge as to the evidence relied on and the reason for revoking parole”.
We therefore remand this cause to the trial court with directions to enter an appropriate order setting forth the reasons for revoking probation and that a supplemental record, including such order, be forwarded this court as soon as practicable. Stevens v. State, 433 So.2d 1184 (Ala.Crim. App.1983).
REMANDED WITH DIRECTIONS.
All the Judges concur.
On Return To Remand
TYSON, Judge.
On February 12, 1985 this court unanimously remanded this cause in order that the trial judge enter an appropriate written order setting forth the reasons for revoking probation and directing that a supplemental record including such order be forwarded to this court.
The return, as directed, has been filed showing that this appellant did violate the terms of his probation, and after a hearing the trial judge declared Larry Bol-inger to be delinquent, and entered the following order in writing: (S.R. 1)
“In accordance with the directive of the Court of Criminal Appeals opinion dated February 12,1985, the reasons for revoking probation (done by this Court on July 20, 1984) are as set forth hereinafter.
“This Court is reasonably satisfied that defendant Larry Bolinger, while on probation, did not seek or maintain employment in violation of condition four of the terms of probation; that defendant failed to advise his probation officer of changes of residence and jobs and said officer, Miss Greening, was unable for many months to locate defendant.
“This Court is further reasonably satisfied that since being placed on probation (December 9, 1983) he has violated state and local laws (Condition 1) in that failure to pay fines incurred prior to being placed on probation resulted in residence in municipal jails; that defendant was guilty of “Menacing”, a misdemeanor, one Gregg Warren, age 13 (defendant was 20 or 21), with a knife or pick handle, forcing the child’s mother to rescue him.
“This is to be made a part of the transcript as a supplemental and forwarded to the Clerk of the Court of Criminal Appeals.
“DONE this 15th day of February, 1985.
“William H. Cole Circuit Judge”
*1037 This record, including the original transcript, now shows that the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and authorities cited have been fully complied with.
This cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.