Larry Wayne Bolinger was originally charged by indictment with assault in the first degree and following negotiations entered a plea of guilty to assault in the second degree and was sentenced to one year and one day in the penitentiary as punishment. His counsel applied for probation and the matter was set for hearing. The trial judge granted the petition and placed Bolinger on probation for a period of three years. The conditions of probation were set forth in the order.
While on probation new charges were brought against this appellant and the trial court then set these matters for hearing after giving the appellant due notice of the nature of the charges, and the cause was set down and testimony taken from several witnesses.
 I
We have carefully reviewed this record in light of the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975) and authorities therein cited. We find that the requirements set forth were here observed, except that the trial judge in his order revoking probation simply stated that probation was revoked and the original sentence reinstated.
We are of the opinion that such order does not comply withArmstrong v. State, supra, in that the trial judge failed to set forth a "written statement by the judge as to the evidence relied on and the reason for revoking parole".
We therefore remand this cause to the trial court with directions to enter an appropriate order setting forth the reasons for revoking probation and that a supplemental record, including such order, be forwarded this court as soon as practicable. Stevens v. State, 433 So.2d 1184 (Ala.Crim.App. 1983).
REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return To Remand