470 So.2d 1360 (1985)
Dewey Wayne SALTER
v.
STATE.
6 Div. 599.
Court of Criminal Appeals of Alabama.
March 26, 1985.
Rehearing Denied April 23, 1985.
*1361 Carl Wade Robinson, Bessemer, for appellant.
Charles A. Graddick, Atty. Gen., and M. Beth Slate, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
This is an appeal by Dewey Wayne Salter from a revocation of his probation.

I
Salter's contention that his probation was revoked on insufficient evidence is without merit. The basis of the revocation was Salter's assault upon his girlfriend, Eugena Crossley, on the 20th of February, 1984, for which he had been convicted of assault in the third degree in the District Court. Ms. Crossley testified at the revocation hearing that she and Salter had an argument and that Salter beat her up. Salter argues that the evidence was insufficient because Ms. Crossley's testimony was unsubstantiated and uncorroborated by any independent evidence and because the altercation "was nothing more than a lover's quarrel."
"The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury [or trier of fact] alone." Willcutt v. State, 284 Ala. 547, 549, 226 So.2d 328 (1969). Conflicting evidence always presents a question for the trier of fact unless the evidence fails to establish a prima facie case. Gardner v. State, 440 So.2d 1136, 1137 (Ala.Cr.App. 1983). In a probation revocation hearing, the measure of proof is only that the trial judge be "reasonably satisfied" that the probationer has violated the conditions of *1362 probation. Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620 (1975); Moore v. State, 432 So.2d 552 (Ala.Cr.App.1983). A person's probation may be revoked on uncorroborated testimony. Armstrong, 294 Ala. at 104, 312 So.2d 620.

II
In December of 1982, Salter pled guilty to the unlawful possession of Diazepam and Hashish, was sentenced to ten years' imprisonment in each case, and was placed on probation.
At the revocation hearing, the prosecution introduced evidence that Salter had subsequent municipal convictions for third degree theft and for driving under the influence. At the hearing, Salter testified in his own behalf and admitted the fact of both convictions.
Salter argues that the theft conviction should not have been considered because he was not represented by counsel. In that case he was only fined $100 and costs. However, the constitutional right to counsel is limited to criminal offenses resulting in actual imprisonment. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). The theft conviction was properly admitted into evidence since it did not result in actual imprisonment.
Salter also contends that the theft and DUI convictions were improperly admitted into evidence because he was denied "his fundamental right to cross examine those witnesses who brought the charges against him." Appellant's Brief, p. 11. The certified copy of the theft conviction was admitted without objection at the hearing. The objection now advanced on appeal was nowhere raised in the court below. Consequently, this issue has not been preserved for review and there is nothing for this Court to consider. Luckie v. State, 55 Ala.App. 642, 645, 318 So.2d 337, cert. denied, 294 Ala. 764, 318 So.2d 341 (1975). In a probation revocation hearing, the probationer "cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." Morrissey v. Brewer, 408 U.S. 471, 490, 92 S.Ct. 2593, 2605, 33 L.Ed.2d 484 (1972).
The use of the properly authenticated copies of Salter's prior convictions did not infringe his right of confrontation. Lidge v. State, 419 So.2d 610, 616 (Ala.Cr. App), cert. denied, Ex parte Lidge, 419 So.2d 616 (Ala.1982). "An exception to the right to be confronted by witnesses exists where facts to be proven are essentially documentary." Griggs v. State, 37 Ala. App. 605, 609, 73 So.2d 382 (1954). Salter was afforded the opportunity to exercise his right to confront the witnesses who brought the municipal charges against him at the time those charges were litigated. He has no right to confront them at a subsequent revocation hearing.

III
Salter contends that the judge's order of revocation fails to satisfy the requirement of Armstrong of "[a] written statement by the judge as to the evidence relied on and reasons for revoking probation." Armstrong, 294 Ala. at 103. The judge's order was:
"Revocation hearing held on July 30, 1984, the Court having heard the evidence in this case finds that the defendant violated the terms of his probation by committing violations of the law in that on February 23, 1984 he did commit the offense of Assault 3 [degree] and on Nov[ember] 4, 1983 he did commit the offense of DUI. Probation is revoked and sentence of 3/9/83 is placed into effect."
Although this order does not technically comply with the criteria of Armstrong, the record does satisfy the due process requirements that Armstrong was designed to protect. An inadequate report may be supplemented and cured by a sufficient record.
"Despite the obvious inadequacies in these reports, they are often upheld if the reviewing court can look at the record of the case and divine reasons and *1363 evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decisionmaker. Courts reason that the purposes of the written reportfacilitating appellate review and preventing repeated revocations for the same conductcan still be achieved irrespective of the lack of an adequate report by the decisionmaker." N. Cohen and J. Gobert, The Law Of Probation And Parole 641 (1983).
The record before this Court contains a complete transcript of the revocation hearing. The judge's order, considered in the context of the record, makes clear the evidence he relied on and the reasons for revoking probation. Obviously, he believed the testimony of Ms. Crossley regarding the assault and the evidence concerning the DUI conviction. A remand of this cause for literal compliance with Armstrong would serve no purpose when the spirit of that case has been fostered and fulfilled.
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, TAYLOR and PATTERSON, JJ., concur.
McMILLAN, J., dissents with opinion.
McMILLAN, Judge, dissenting.
I respectfully dissent for the following reasons. In analyzing the constitutional requirements in a probation revocation proceeding, this court has repeatedly held that the trial court must enter a written statement which sets out the evidence relied upon and the reasons for revoking parole. Jones v. State, 456 So.2d 1149 (Ala.Crim. App.1984); Smith v. State, 445 So.2d 573 (Ala.Crim.App.1984); Sheffield v. State, 445 So.2d 989 (Ala.Crim.App.1984); Nance v. State, 453 So.2d 761 (Ala.Crim.App. 1984); King v. State, 451 So.2d 367 (Ala. Crim.App.1984). This rule has been stated as follows:
In revoking probation a trial judge must make a written statement as to the evidence relied on and the reasons for revoking probation. (Emphasis in original) Taylor v. State, 405 So.2d 55, (Ala.Crim. App.1981).
The consistency with which this court has applied the rule is evident since we have, in at least one case, concluded that a written transcript (of a probation revocation hearing) may not even be required since the judge would have to enter a written statement of the proceeding. Marquis v. State, 439 So.2d 197, 199 (Ala.Crim.App.1983).
Today's opinion, however, goes squarely against this established rule and appears to overrule Joiner v. State, 454 So.2d 1048 (Ala.Crim.App.1984). In Joiner, this court rejected the State's position that the Armstrong "written statement" requirement could be satisfied by reference to the transcript itself. Id. at 1049. In so deciding, this court concluded:
We cannot agree with the State that a transcript of the testimony given in a revocation hearing satisfies this requirement. This court has stated that the lower court's written statement enumerating the evidence relied on and the reasons for parole revocation "relates to a matter of substance and not mere form". Carter v. State, 389 So.2d 601 (Ala.Crim. App.1980). We thus find that due process requires that the probationer be informed of what evidence presented at his hearing has been relied on by the trial court in revoking probation. [Citation ommitted] Id.

[See also: Stevens v. State, 433 So.2d 1184 (Ala.Crim.App.1983) where the fact that the trial judge "simply stated orally that he was revoking probation" was determined to be insufficient.]
As additional evidence of this position, note that this court has concluded, in one case, that a failure on the part of the trial judge to timely file a written Armstrong statement indicated that the defendant has been afforded a mere "modicum of due process protection". Vandiver v. State, 401 So.2d 326, 328 (Ala.Crim.App.1981). *1364 The majority decision in this case, however, appears to usurp the judge's position of authority as a fact-finder[*] and would allow this court to substitute its judgment for that of the trial court. Not only does this place additional unwarranted responsibility on this court, but it also erodes the constitutional mandate of Armstrong. The practical effect of today's decision is to create the potential of prejudice to the defendant and, in exchange, take a great leap backward in the process of "facilitating appellate review". For these reasons, I respectfully dissent.
NOTES
[*] Of course, Armstrong adopted the position taken by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). One of the requirements as set out in Morrissey is that "a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole" must be filed by the court. Id. at 489, 92 S.Ct. at 2604.