This is an appeal from the revocation of probation. Appellant, Billy Dewayne Brown, was originally sentenced to three years in the penitentiary. He was to serve six months in the county jail and serve the remaining time on probation.
While on probation, appellant was arrested for theft in the first degree. Based on that arrest, a revocation hearing was held. The trial court revoked appellant's probation and ordered him to serve the remaining portion of his sentence.
 I
Appellant contends that the probation revocation proceeding initiated against him was not in compliance with § 15-22-54(c) and (d), Code of Alabama 1975. Specifically, appellant asserts there was no warrant of arrest issued by the trial court for any alleged probation violation, nor a written statement by the probation officer, setting forth the condition of probation allegedly violated. We stated the general rule in Wilson v.State, 417 So.2d 627, 628 (Ala.Cr.App. 1982), that "an arrest of the probationer, either on a warrant of arrest issued by the court or a written statement by a probation officer, is a prerequisite to revocation of probation."
In the instant case, the record shows that this requirement was met, for the order of the court revoking probation recites that "a written report or written statement of the arrest and the alleged violation of defendant's probation was made and served on the defendant in the Walker County Jail and a copy given to his attorney before the probation revocation hearing." On appeal, appellant argues that this did not occur. However, we cannot recognize factual assertions made in brief which are not disclosed or supported by the record; this court is bound by the record. Moore v. State, 457 So.2d 981 (Ala.Cr.App. 1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757,84 L.Ed.2d 820 (1985). The record cannot be impeached on appeal by statements in brief. Conner v. State, 382 So.2d 601
(Ala.Cr.App. 1979), cert. denied, 382 So.2d 605 (Ala. 1980). Recitals in a judgment import absolute verity, unless contradicted by other portions of the record. Davis v. State,348 So.2d 844 (Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala. 1977). The instant record presents no contradiction.
In Ringstaff v. State, 480 So.2d 50, 53 (Ala.Cr.App. 1985), the court responded to the appellant's allegation that he was not served written notice of the claimed violations, as follows:
 "This issue is raised for the first time on appeal and is not supported by the record, that record being silent on this issue. . . . [T]his issue is without merit in this case because it was never raised in the circuit court at any time and because the record does show that the trial judge read the charges to Ringstaff at the beginning of the revocation hearing and that defense counsel had seen a copy of the probation officer's supervisory report."
The rationale of Ringstaff is applicable to the instant issue, to render it meritless. The instant situation is to be contrasted to that presented to this court in Knight v. State,408 So.2d 192 (Ala.Cr.App. 1981). There, the lack of written notice of the claimed violations was brought to the attention of the trial court by defense counsel, and the record affirmatively established that the appellant never received written notice.
As a final note, we observe that in Jent v. State,495 So.2d 123 (Ala.Cr.App. 1986), the court held that, although the arresting officer did not have an arrest warrant or written statement by the probation officer setting out the alleged probation violations, neither document was necessary to secure the probationer's valid arrest because the probationer was legally arrested under *Page 148 
§ 15-10-3. The court reasoned that the probationer was legally arrested and incarcerated because the arresting officer had reasonable cause to believe that he had committed a felony, evidence of which was eventually the basis for revocation. Id.
at 125.
Accordingly, based on our review of the record, more specifically, the uncontradicted revocation order, we find that the requirements of §§ 15-22-54(c) and (d) were met.
 II
Appellant further contends that the trial court's order of revocation fails to meet the minimum standards of due process, as set forth in Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), because there is no written statement by the trial court as to the evidence upon which it relied for revoking probation. The court's order, in pertinent part, stated:
 "The Court after hearing the evidence from John Mark Tyre, Investigator with Walker County Sheriff's Department, specifically on info that defendant gave [Tyre], . . . is of the opinion that the defendant violated the terms of his probation in that he is guilty of a probation violation, to-wit: theft 1°."
This statement is akin to the one considered by the court inSalter v. State, 470 So.2d 1360, 1362 (Ala.Cr.App. 1985), which is as follows:
 "Revocation hearing held on July 30, 1984, the Court having heard the evidence in this case finds that the defendant violated the terms of his probation by committing the violations of the law in that on February 23, 1984 he did commit the offense of Assault 3 [degree] and on Nov[ember] 4, 1983 he did commit the offense of DUI. Probation is revoked and sentence of 3/9/83 is placed into effect."
In upholding the trial court's revocation on this order, theSalter court reasoned, as follows:
 "Although this order does not technically comply with the criteria of Armstrong, the record does satisfy the due process requirements that Armstrong
was designed to protect. An inadequate report may be supplemented and cured by a sufficient record.
 " 'Despite the obvious inadequacies in these reports, they are often upheld if the reviewing court can look at the record of the case and divine reasons and evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decisionmaker. Courts reason that the purposes of the written report — facilitating appellate review and preventing repeated revocations for the same conduct — can still be achieved irrespective of the lack of an adequate report by the decisionmaker.' N. Cohen and J. Gobert, The Law of Probation and Parole
641 (1983).
 "The record before this Court contains a complete transcript of the revocation hearing. The judge's order, considered in the context of the record, makes clear the evidence he relied on and the reasons for revoking probation. Obviously, he believed the testimony of Ms. Crossley regarding the assault and the evidence concerning the DUI conviction. A remand of this cause for literal compliance with Armstrong would serve no purpose when the spirit of that case has been fostered and fulfilled."
Id. at 1362-63.
Likewise, the instant record before us contains a complete transcript of the hearing, and when it is read in conjunction with the trial court's order, we find that Armstrong is not violated. But see Joiner v. State, 454 So.2d 1048, 1049
(Ala.Cr.App. 1984).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur. *Page 149