The State of Alabama petitioned this Court for certiorari review of the Court of Criminal Appeals' decision,608 So.2d 761, in this case on the grounds that that decision conflicts with other decisions of that court. Specifically, the State argues that remand to the trial court for a written order was not necessary to meet the requirements of due process as set forth in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975). The State's petition, however, is premature in that the Court of Criminal Appeals has yet to issue a final judgment; therefore, we are compelled to dismiss the petition. Although we are dismissing the petition, we choose to write to *Page 763 
the issue raised by the State for the benefit of the bench and bar.
In Armstrong v. State, this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. SeeEx parte Lawrimore, 441 So.2d 122 (Ala.Cr.App. 1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation, because the requirements of due process have been met. See Brown v. State,515 So.2d 146 (Ala.Crim.App. 1987); Salter v. State,470 So.2d 1360 (Ala.Crim.App. 1985). This Court, however, continues to hold that Armstrong v. State requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.
PETITION DISMISSED AS PREMATURE.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.