The single issue in this case is the issue decided by the United States Supreme Court in Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The issue is controlled by the Alabama Supreme Court's case ofWyatt v. State, 608 So.2d 762 (Ala. 1992). The Supreme Court stated:
 "In Armstrong v. State, [294 Ala. 100, 312 So.2d 620 (1975)], this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation, Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122
(Ala. 1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala.Cr.App. 1987); Salter v. State, 470 So.2d 1360 (Ala.Cr.App. 1985). This Court, however, continues to hold that Armstrong v. State, requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama."
608 So.2d at 763. (emphasis added.)
This forecloses further speculation as to what the Alabama law is on this issue. § 12-3-16, Code of Alabama 1975.