TAYLOR, Presiding Judge,
dissenting.
I dissent from the majority’s affirmance of this case on return to remand. This case was remanded to the Circuit Court for Jefferson County for that court to comply with the United States Supreme Court cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 98 S.Ct. 1756, 36 L.Ed.2d 656 (1973), by making written findings as to the reasons for revoking the appellant’s probation.
The majority, in affirming the court’s actions, relies on the evidence presented at the hearing held pursuant to our remand instructions, and not on the written statement of the trial court, as the United States Supreme Court explicitly requires. In lieu of a written statement of the court’s findings, the circuit court filed with this court a copy of a portion of the revocation hearing transcript attached to a case action summary sheet. This transcript states that the court was revoking the appellant’s probation because the appellant “would not obey the orders of this Court ... [TJhis man did not obey orders.” This entry does not constitute a “written statement” and is not a sufficient explanation for the court’s revocation of probation. In short, it does not comply wnth the requirements that the United States Supreme Court said must be met before probation can be revoked. See Gagnon. The majority ignores the specific holding of the Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala.1992), in which that Court stated that reliance on only the evidence presented at the revocation hearing without the written order setting forth the facts relied on by the trial court and the reason for the revocation does not meet the due process requirements guaranteed a probationer.
The minimum due process requirements for revocation of parole and probation were long ago established by the United States Supreme Court in Morrissey and Gagnon.
In addressing probation revocation hearings, the Court, in Gagnon, quoting Morris-sey, stated the following minimum due process requirements that must be met before probation may be revoked:
“ ‘(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of *47 evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.’ Morrissey v. Breiuer, [408 U.S.] at 489, 92 S.Ct. at 2604.”
Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added.)
The Alabama Supreme Court recently stated in Wyatt:
“In Armstrong v. State, [294 Ala. 100, 312 So.2d 620 (1976) ] this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122 (Ala.1983). However, in some eases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala. Crim.App.1987); Salter v. State, 470 So.2d 1360 (Ala.Crim.App.1985). This Court, however, continues to hold that Armstrong requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.”
608 So.2d at 763. “The United States Supreme Court has clearly set out the principles of due process.... These due process rights have not been changed by the United States Supreme Court and must be complied with.” Grimes v. State, 579 So.2d 693, 694 (Ala.Cr.App.1991).
This case should be remanded to the Circuit Court for Jefferson County for that court to comply with the law as set out in Gagnon.