I concur in the majority's reversal of the judgment in this case. However, I disagree with the court's reasoning in Part II of the opinion. The majority states that an inadequate written order revoking probation may be "supplemented and cured" by the record, but that the "better practice" is for the court to make written findings as to reasons the court revoked probation. An adequate written order is in fact mandatory. This issue has already been addressed and resolved by the United States Supreme Court and the Alabama Supreme Court.
The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
In addressing probation revocation hearings, the United States Supreme Court in Gagnon quoting from Morrissey, stated the following minimal due process requirements that must be met before probation may be revoked:
 " '(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' Morrissey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604."
Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added.) Decisions of the United States Supreme Court construing the Constitution of the United States are binding on all courts.
The Alabama Supreme Court in Wyatt v. State, 608 So.2d 762
(Ala. 1992), resolved any doubt regarding this issue:
 "In Armstrong v. State, [294 Ala. 100, 312 So.2d 620 (1975)] this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122
(Ala. 1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146
(Ala.Crim.App. 1987); Salter v. State, 470 So.2d 1360
(Ala.Crim.App. 1985). This Court, however, continues to hold that Armstrong requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama."
608 So.2d at 763. "The United States Supreme Court has clearly set out the principles of due process. . . . These due process rights have not been changed by the United States Supreme Court and must be complied with." Grimes v. State, 579 So.2d 693, 694
(Ala.Cr.App. 1991). We are absolutely required to conform our holdings to those of the Alabama Supreme Court. *Page 251 
For the reasons stated above, I disagree with the reasoning of the majority in Part II of its opinion.