PATTERSON, Judge.
Katherine Anne Roy Johnson appeals the trial court’s order revoking her probation. Johnson was originally convicted of theft of property in the second degree and was sentenced to two years’ imprisonment. Her sentence was suspended and she was placed on probation.
Johnson contends that the trial court erred in revoking her probation. She specifically contends that the written order revoking probation failed to sufficiently set forth the evidence the court relied on in revoking her probation and the reasons for the revocation. The trial court’s order was as follows:
“This case having come before the Court for probation revocation hearing the defen *897 dant appeared in court together with her attorney, Jerry Blevins, and Larry Jarrell representing the State of Alabama. The defendant was informed of the allegations of the delinquency report, her rights and the nature of the proceeding. Testimony was heard regarding the allegations of violation of conditions of probation, and upon the evidence the Court was reasonably satisfied that the defendant had violated the conditions of probation by committing the criminal offense of Theft of Property, Second Degree, after having received a written copy of the conditions of probation. The parties were allowed to comment and present evidence relating to the action to be taken by the Court as a result of the violation of the conditions of probation.
“IT IS THEREFORE, ORDERED as follows:
“1. The probation of Katherine Anne Roy Johnson is revoked, and the previous sentence of two years in the penitentiary is ordered executed and served.
“2. The defendant is granted a total jail credit of fourteen days.”
The state has requested that we remand this case to the trial court with instructions to enter an order setting forth the evidence relied upon and the reasons for the revocation of probation. Both Johnson and the state are correct in asserting that the order, quoted above, does not comply with the requirements of Armstrong v. State, 294 Ala. 100, 812 So.2d 620 (1975).
In Wyatt v. State, 608 So.2d 762 (Ala.1992), the Alabama Supreme Court stated:
“In Ex parte Armstrong, this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Ex parte Armstrong, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122 (Ala.1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala.Crim.App.1987); Salter v. State, 470 So.2d 1860 (Ala.Crim.App.1985). This Court, however, continues to hold that Ex parte Armstrong requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.”
On the authority of Armstrong, we remand this case to the trial court with instructions that it enter a written order setting forth the reasons for the revocation of Johnson’s probation and the evidence relied on in making that determination. A copy of the circuit court’s order shall be filed with this court within 60 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
All Judges concur.