PATTERSON, Judge.
Donald Jones appeals the trial court’s order revoking his probation. Jones was originally convicted of possession of a forged instrument. On August 21, 1992, he was sentenced to 15 years’ imprisonment and was ordered to pay court costs. On April 5, 1994, the trial court placed Jones on probation. Jones contends that the trial court erred in revoking his probation.
Jones contends that the written order of revocation failed to sufficiently set forth the evidence the court relied on in revoking his probation and the reasons for the revocation. The trial court’s order reads as follows: “12/13/94 — HEARING HELD. DEFENDANT’S PROBATION REVOKED.”
The state has requested that we remand this case to the trial court with instructions that that court enter an order stating the evidence relied upon and the reasons for the revocation of probation. Both Jones and the state are correct in asserting that the trial court’s order does not comply with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
In Ex parte State, 608 So.2d 762 (Ala.1992), the Alabama Supreme Court stated:
“In Armstrong v. State [, 294 Ala. 100, 312 So.2d 620 (1975) ], this court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122 (Ala.1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala.Cr.App.1987); Salter v. State, 470 So.2d 1360 (Ala.Cr.App.1985). This Court, however, continues to hold that Armstrong v. State requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.”
On the authority of Armstrong, we remand this ease to the trial court with instructions that it enter a written order stating the reasons for the revocation of Jones’s probation and the evidence relied on in making that determination. A copy of the circuit court’s order shall be filed with this court within 60 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

 Note from the Reporter of Decisions: On September 29, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion.