TAYLOR, Presiding Judge,
dissenting from unpublished memorandum.
I dissent from the majority’s conclusion in its unpublished memorandum in this case that the record was sufficient to satisfy the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and that, therefore, no written order setting forth the court’s reasons for revoking probation was necessary.
This issue has been resolved by the Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala.1992), in which the court stated:
“In Armstrong v. State, this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122 (Ala.1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not *910 necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala.Crim.App.1987); Salter v. State, 470 So.2d 1360 (Ala.Crim.App.1985). This Court, however, continues to hold that Armstrong v. State requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.”
608 So.2d at 762.
Moreover, the fact that the appellant admitted to violating the terms of his probation does not relieve the trial court of complying with the law set out by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). “The fact that the appellant admitted the violation does not relieve a court from complying with the constitutional requirements mandated by Morrissey and Gagnon.” DuBoise v. State, 647 So.2d 79, 80 (Ala.Cr.App.1994).
This case should be remanded so that the trial court can comply with the dictates of the United States Supreme Court. Therefore, I must dissent.