LONG, Judge.
The appellant, Roderick Bernard Harris, appeals from an order revoking his probation. The appellant correctly argues that the trial court failed to make adequate written findings stating its reasons for revoking his *1238 probation or the evidence it relied upon in doing so. Rule 27.6(f), Ala.R.Crim.P.; Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
The Alabama Supreme Court has held that “Armstrong v. State[, 294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation.” Wyatt v. State, 608 So.2d 762, 763 (Ala.1992). This is required even where “the transcript of the proceeding coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation.” Id. (emphasis added).
This cause is remanded with directions to the trial court to enter an order stating the evidence relied upon and the reasons for the revocation of the appellant’s probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. This court reserves comment on any other issues raised on appeal pending the trial court’s compliance with the directions contained herein and until a proper return is made to this court.
REMANDED WITH DIRECTIONS. 
All Judges concur.