688 So.2d 278 (1996)
John JOWERS
v.
CITY OF SELMA.
CR-95-0230.
Court of Criminal Appeals of Alabama.
May 24, 1996.
Rehearing Denied October 11, 1996.
Certiorari Denied December 20, 1996.
*279 J. Patrick Cheshire, Selma, for Appellant.
Alston Keith, Jr., Selma, for Appellee.
Alabama Supreme Court 1960131.
PATTERSON, Judge.
John Jowers appeals from his conviction for harassment and his subsequent sentence of 30 days in jail, and his $350 fine. That jail sentence was suspended and he was placed on probation for two years. He argues that his conviction was unconstitutionally obtained, because he was not represented by counsel at trial. Jowers did not receive actual jail time in sentencing.
In Salter v. State, 470 So.2d 1360 (Ala.Cr.App.1985), this court held that "the constitutional right to counsel is limited to criminal offenses resulting in actual imprisonment." Id., at 1362 (emphasis added). The dissent appears to advocate that we change the law and extend the Sixth Amendment right to counsel to indigent defendants charged with any offense for which imprisonment is authorized by statute, even if the conviction does not result in imprisonment. However, the dissent cites no law which would support such a change, and we are not persuaded to so change the law.
The dissent cites Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), for the proposition that the Sixth Amendment applies to all criminal proceedings that may possibly result in a jail sentence. On the contrary, Argersinger holds, as follows:
"[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial.
". . . .
"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of `the guiding hand of counsel' so necessary when one's liberty is in jeopardy.'"
Id., at 37-40, 92 S.Ct. at 2012-14 (footnotes omitted). The Argersinger Court expressly reserved ruling on "the requirements of the Sixth Amendment as regards the right to counsel where [actual] loss of liberty is not involved." Id., 407 U.S. at 37, 92 S.Ct. at 2012.
Salter, on the authority of which we decide this case, relies on Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) (affirming an indigent appellant's conviction for theft, which was obtained without the benefit of counsel, in a case where imprisonment was an authorized penalty but in which appellant was only fined $50). In Scott, the Supreme Court wrote:
"[T]he central premise of Argersinger that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonmentis eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointed counsel."
Id., 440 U.S. at 373, 99 S.Ct. at 1162.
Jowers's sentence of probation does not constitute actual imprisonment. Therefore, under Argersinger, Scott, and Salter, Jowers's Sixth amendment rights were not violated. *280 If in the future, the trial court revokes Jowers's probation and sentences him to jail, that revocation may constitute a violation of Jowers's Sixth Amendment right to appointed counsel. However, we will not reverse the trial court on the mere possibility that, at a remote and future date, Jowers's Sixth Amendment right may be violated.
AFFIRMED.
McMILLAN and COBB, JJ., concur.
TAYLOR, P.J., dissents with opinion.
LONG, J., joins in the dissent.
TAYLOR, Presiding Judge, dissenting.
I dissent from the majority's opinion in this case, which holds that the appellant was not entitled to be represented by counsel because he did not receive an actual jail sentence as a result of the conviction. The appellant is indigent. The appellant was charged with and convicted of harassment, a violation of § 13A-11-8, Code of Alabama 1975. He was sentenced to 30 days in jail, which sentence was suspended, and he was placed on probation for two years. He was fined $350 and was ordered to pay court costs, for a total cost to the appellant of $574. A violation of § 13A-11-8, is a class C misdemeanor, with a possible sentence of up to three months in the county jail. The appellant requested and was granted a jury trial in circuit court.
The United States Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), held that an accused is entitled to be represented by counsel when charged with a misdemeanor offense, if the accused faces a possible jail sentence as a result of conviction of that offense. The United States Supreme Court, quoting its opinion in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) stated:
"`[T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in quite serious repercussions affecting his career and his reputation.'"
407 U.S. at 37, 92 S.Ct. at 2012.
The requirements of Argersinger v. Hamlin cannot be avoided by the court's placing the defendant on probation in lieu of imprisonment. The appellant here faces imprisonment if he violates the terms of his probation or fails to pay his fines. This case is similar to Williams v. City of Phenix City, 659 So.2d 1004 (Ala.Cr.App.1995), another case where the accused was not represented by counsel because he was not sentenced to actual jail time. This court stated:
"In this case, the trial court could try, convict, and fine the appellant. However, the trial court conditioned the appellant's release on the payment of fines and costs. The appellant's inability to pay these sums resulted in his being sentenced to jail `for a sufficient period of time to serve his fine and cost.' This is in direct contravention to Rule 26.22(i)(2), Ala.R.Crim.P., which states, `In no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution.'"
659 So.2d at 1006.
Based on the Sixth Amendment to the United States Constitution and the United States Supreme Court's decision in Argersinger, I must dissent. The appellant was denied his most basic of all rightsthe right to be represented by counsel.