PATTERSON, Judge.
Yolando Jerome Montgomery appeals from the revocation of his probation. We must remand this case because the trial court’s written order of revocation does not comport with the requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
The record contains a boilerplate revocation order. The appellant’s name and the circuit court case number are handwritten in designated spaces at the top of the form. A column of eleven boxes in the left margin corresponds to eleven printed items constituting the body of the form. The boxes beside the following paragraphs are checked and initialled:
“The Probationer DENIES said Violation. The Court personally advised the probationer that should this violation involve an adjudicated criminal offense, a trial may still be had for said offense and that any statement made by the Probationer in this proceeding can be used at any subsequent proceeding thereon....”
“Said Probation is REVOKED. For that evidence relied upon and reasons stated this date on the record in this matter, the sentence imposed is re-instated and the Probationer remanded into custody for the execution thereof. Probationer is awarded all entitled Jail Time Credit, as determined by the Clerk, inserted herein, and deducted from the sentence in this matter, of [probation rev]. Said sentence shall [x] run concurrently with_”
“The Probationer was advised of the right to appeal the decision in this matter and that if indigent, counsel will be appointed and a transcript provided without cost.”
(items indicated in brackets above were handwritten). The form is dated and signed by the circuit court judge. Clearly, this pre-printed form contains no statement of the evidence the trial court relied upon in revoking Montgomery’s probation.
The attorney general argues that this order incorporates oral recitations in the record stating the evidence relied upon by the trial court. Therefore, the attorney general argues, the order, in conjunction with the transcript of the hearing, is sufficient to comply with the due process requirements of Morrissey. However, in Wyatt v. State, 608 So.2d 762 (Ala.1992), the Alabama Supreme Court expressly, disapproved of the approach used by the trial court:
“In Armstrong v. State, this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reasons for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written order requirement. See Ex parte Lawrimore, 441 So.2d 122 (Ala.1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court’s reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala.Cr.App.1987); Salter v. *1279 State, 470 So.2d 1360 (Ala.Cr.App.1985). This Court, however, continues to hold that Armstrong v. State requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama.”
608 So.2d at 763. The law requires a written order specifying the evidence that the trial court relied upon in revoking Montgomery’s probation. This simple procedural requirement is mandatory.
Accordingly, we remand the cause to the trial court with instructions to enter into the record a written order of probation revocation (1) that specifies the evidence upon which the trial court relied in revoking Montgomery’s probation, and (2) that states whether the specified evidence reasonably satisfies the trial court that Montgomery violated the terms of his probation. The court is further instructed to make due return to this court in 30 days.
REMANDED WITH INSTRUCTIONS. 
All Judges concur.