The appellant, Danny Wade Cornelius, appeals from the order of the trial court revoking his probation. Cornelius contends that the trial court's revocation order is deficient because, he says, it fails to adequately specify the evidence relied upon in revoking his probation as required by Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992).
 "`In Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), the Alabama Supreme Court held that "Armstrong v. State [, 294 Ala. 100, 312 So.2d 620 (1975),] requires a written order setting forth the evidence relied upon and the reason for the revocation." This requirement obtains even where "the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation."'"
Davidson v. State, 686 So.2d 1312, 1313 (Ala.Cr.App. 1996), quotingMartin v. State, 681 So.2d 1110, 1110 (Ala.Cr.App. 1996).
The trial court's order revoking Cornelius's probation states, in pertinent part:
 "Upon consideration of the Supervisor's Report on Delinquent Probationer and the oral testimony offered at the revocation hearing held in this cause on March 27, 1998, the Court is reasonably satisfied that the defendant assaulted Officer Durbin and Lowndes County Deputy Earl Marsh on January 8, 1998, following his arrest for disorderly conduct. Therefore, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that the defendant's probation is revoked, and the defendant's sentence of six (6) years is ORDERED served beginning immediately."
(C. 7.)
Although the trial court's order adequately states the reasons for revoking Cornelius's probation, we must agree with Cornelius that the trial court's statement of the evidence relied upon in revoking probation is deficient under Armstrong and Wyatt. We have consistently found general recitations by the trial court to its consideration of the "testimony," "sworn testimony," or "relevant and competent evidence" presented at the revocation hearing to be insufficiently specific for purposes of satisfying the "statement of the evidence relied upon" requirement of Armstrong and Wyatt.
See McCloud v. State, [Ms. CR-97-0765, August 28, 1998] ___ So.2d ___ (Ala.Cr.App. 1998); Thornton v. State, 728 So.2d 1162
(Ala.Cr.App. 1998); Scarbrough v. State, 709 So.2d 82 (Ala.Cr.App. 1997); Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App. 1995). Thus, we find that the trial court's statement that it had considered "the oral testimony offered at the revocation hearing" fails to adequately specify the evidence relied upon in revoking Cornelius's probation.
Although the trial court also specifically refers in the revocation order to its consideration of the supervisor's report prepared by Cornelius's probation officer, the supervisor's report constituted hearsay and was objected to as hearsay when the state offered it into evidence at the revocation hearing. (When overruling the hearsay objection, the trial court stated that it was receiving the report "for information purposes rather than [as] hard evidence." (R. 27.)) It is well settled that hearsay evidence cannot form the sole basis for revoking probation.Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App. 1990). Excluding the supervisor's report, the only evidence referred to in the trial court's order as forming the basis of Cornelius's revocation is "the oral testimony offered at *Page 919 
the revocation hearing." This is insufficiently specific for purposes of Armstrong and Wyatt.
While our review of the transcript of the revocation hearing gives us no doubt that ample nonhearsay evidence was presented to justify revocation of Cornelius's probation on the ground stated by the trial court, we are constrained to follow the Supreme Court's holding in Wyatt that the evidence relied upon and the reason for revocation must be set forth in a separate written order by the trial court, even where these matters are abundantly clear from the hearing transcript. See Trice v. State, 707 So.2d 249, 297
(Ala.Cr.App. 1997) (urging the Supreme Court to reconsider its holding in Wyatt).
We therefore remand this case to the trial court with directions that that court produce a written order specifying the evidence relied upon in revoking Cornelius's probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On December 18, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 26, 1999, that court denied rehearing, without opinion.