LONG, Presiding Judge,
dissenting.
I must respectfully dissent. In its order revoking Cannon’s probation, the trial court relied on a local printed form to record its order. That order provides, in pertinent part:
“The Court receives evidence of the following alleged probation violations from the sources listed:
“Decatur Police officer; Decatur investigator; Probation Officer and Report.
[[Image here]]
“Based upon the evidence received by the Court, the Court IS ‘reasonably satisfied’ that the probationer did violate the terms of his probation in the following manner:
“Open container in vehicle — violation of law;
“DUI — violation of law;
*326 “Associate with persons of disrepute.”
(C. 17.)
I find the majority’s conclusion, in its unpublished memorandum upholding the trial court’s revocation order, that the trial court’s order adequately specifies the evidence relied upon in revoking Cannon’s probation inconsistent with prior decisions of this court construing the holdings of the Alabama Supreme Court in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1976), and Wyatt v. State, 608 So.2d 762 (Ala.1992). See, e.g., Cornelius v. State, 733 So.2d 917, 918 (Ala.Crim.App.1998), and the cases cited therein. Therefore, I believe that precedent requires that we remand this case with directions for the trial court to produce a written order specifying the evidence relied upon in revoking Cannon’s probation.
I reach my conclusion reluctantly, however, and respectfully invite the Alabama Supreme Court, as Judge Cobb did when writing for this court in Trice v. State, 707 So.2d 294 (Ala.Crim.App.1997), “to reconsider its holdings in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), requiring a separate written order setting forth the evidence relied upon and the reasons for the revocation in cases not involving confessions, and to instead follow Rule 27.6(f), Ala.R.Crim.P., and those jurisdictions that permit a statement on the record from the proceedings to provide the evidence relied on and the reasons for revoking probation.” 707 So.2d at 297.