WISE, Judge.
The appellant, Steve Cain, appeals from the circuit court’s revocation of his probation. The record reveals that on October 20, 1994, Cain was convicted of three counts of distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. Cain was sentenced to 15 *425 years’ imprisonment, split to serve 3 years’ imprisonment, and the balance on probation on each count. Those sentences were to be served concurrently. One of the terms of Cain’s probation was that he not violate any federal, state, or local law. On May 20, 2002, Cain was arrested and charged with possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975.
On June 10, 2002, the circuit court held a probation revocation hearing, after which Cain’s probation was revoked. Cain filed a motion to reconsider, which the circuit court denied on August 5, 2002. This appeal followed.
On appeal, Cain contends that the circuit court (1) did not have sufficient evidence upon which to revoke his probation and (2) failed to make adequate written findings or to adequately state for the record the reasons for, and evidence relied upon in, revoking his probation.
This Court has long held that appellate review is limited to issues properly raised in the trial court. Beasley v. State, 408 So.2d 173, 178 (Ala.Crim.App.1981). “The general rules of preservation apply to probation revocation hearings.” Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998), citing Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996). Because Cain failed to object to the sufficiency of the evidence, this issue is not preserved for review.
However, based on our review of the record, this Court agrees that the trial court’s written order is insufficient.
“ ‘In accordance with Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 ... (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000). Here, the trial court’s order stated only that the cause came before the court “on the alleged violation by [Cain] of the terms of probation” and that “[f]ollowing a hearing on the matter it is the finding of the Court that [Cain’s] probation is due to be revoked.”
Based upon Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we must remand this cause to the trial court for it to prepare a written statement of the reasons for revoking Cain’s probation and the evidence it relied upon in doing so. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of this release.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.