SHAW, Judge.
Norobert James Oden appeals the trial court’s revocation of his probation in cases nos. CC-00-3869 and CC-02-2849.
He raises two issues on appeal; however, because of our disposition of this appeal, we address only one issue at this time. Oden contends that the trial court’s order revoking his probation is deficient because, he says, it does not adequately set forth the evidence the court relied on. Although Oden did not object on this basis below, it is well settled that “the adequacy of a written order of revocation can be raised for the first time on appeal.” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App. 2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000).
In its order revoking Oden’s probation in case no. CC-00-3869, the trial court stated, in pertinent part:
“Show cause heard this date. Defendant present with his attorney of record, the Hon. Tom Head. [Deputy district attorney] Danny Carr present on behalf of the State. Evidence presented to the court and after due consideration of same, the court revokes defendant’s probation, and puts his sentence into effect. Defendant continued to have both personal and phone contact with the victim in case no. CC-02-2849, in direct violation of this court’s orders.”
(C. 6.) The order revoking Oden’s probation in case no. CC-02-2849 is substantively identical. The trial court’s orders properly stated the reason for revoking Oden’s probation — that he had continued to have contact with the victim in the rape case. However, the orders fail to sufficiently state the evidence upon which the trial court relied in revoking Oden’s probation. “We have consistently found general recitations by the trial court to its consideration of the ‘testimony,’ ‘sworn testimony,’ or ‘relevant and competent evidence’ presented at the revocation hearing to be insufficient for purposes of satisfying the ‘statement of the evidence relied upon’ requirement of Armstrong [v. State, 294 Ala. 100, 312 So.2d 620 (1975)].” James v. State, 729 So.2d 364, 365 (Ala.Crim.App. 1998). See also Holden v. State, 820 So.2d 158 (Ala.Crim.App.2001).
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we must remand this cause for the trial court to prepare a written statement of the evidence it relied on in revoking Oden’s probation on cases nos. CC-00-3869 and CC-02-2849. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion. We pretermit discussion of Oden’s remaining issue pending the trial court’s return to remand.
REMANDED WITH DIRECTIONS.*
*1106 McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ„ concur.

 Note from the reporter of decisions: On April 23, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.