SHAW, Judge.
Mark Dwayne Cherry appeals the trial court’s revocation of his probation.
Cherry presents one issue on appeal: he argues that the trial court failed to issue a written revocation order setting forth the reasons his probation was revoked and the evidence the court relied on.' The State agrees, and requests that we remand this case for the trial court to provide a written order revoking Cherry’s probation.
Although Cherry did not object to the trial court’s failure to provide a written revocation order, it is well settled that “the adequacy of a written order of revocation can be raised for the first time on' appeal.” Durr v. State, 807 So.2d 595, 595 (Ala. Crim.App.2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ Tn accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim,App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 111 So.2d 314, 316-17 (Ala.Crim.App.2000). The record contains no written order revoking Cherry’s probation.
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we remand this case for the trial court to prepare a written revocation order setting forth its reasons for revoking Cherry’s probation and the evidence it relied on in doing so. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
*1107 McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J.,. recuses herself.

 Note from the reporter of decisions: On April 23, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.