PER CURIAM.
The appellant, K.W.J., appeals the trial court’s revocation of his probation.
On October 9, 2003, K.W.J. pleaded guilty as a youthful offender to receiving stolen property in the first degree. He was sentenced to two years’ imprisonment; the sentence was suspended, and K.W.J. was placed on probation for one year. On March 25, 2004, K.W.J. was arrested on a charge of robbery in the second degree for a robbery that allegedly occurred on March 17, 2004. After a probation-revocation hearing on April 22, 2004, the trial court revoked KW.J.’s probation and ordered that he serve the remainder of his sentence in prison.
K.W.J. contends that the evidence was insufficient to revoke his probation because, he says, the only evidence indicating that he committed the new offense of robbery was hearsay. This argument was never presented to the trial court. At the revocation hearing, J.D. Lachance, a detective with the Montgomery Police Department, testified that the victim of the March 17, 2004, robbery positively identified both K.W.J. and his codefendant, and that the codefendant subsequently gave a statement to police implicating K.W.J. in the robbery. In his defense, K.W.J. called his father, E.W.B., to testify. E.W.B. testified that K.W.J. worked for him and that K.W.J. was at work on March 17, 2004, at the time of the robbery. E.W.B. indicated that he had documentation to prove that K.W.J. was at work at the time of the robbery, but that he did not bring that documentation to court. The trial court then indicated that it was reasonably satisfied from the evidence that K.W.J. had committed the robbery on March 17, 2004. The following then occurred:
“[K.W.J.’s counsel]: Judge, before we actually do that [revoke KW.J.’s probation], I mean, I understand that Detective Lachance was here and he’s told us what the co-defendant and the victim has done.
“THE COURT: Yes.
“[KW.J.’s counsel]: Judge, I just don’t think that’s enough based on the testimony that we’ve heard that he was at work. And without an opportunity to present those documents to show that he was actually there, Judge.”
(R. 15.) Counsel never argued that Det. Lachance’s testimony was insufficient to *19 revoke K.W.J.’s probation because it was entirely hearsay. “The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.” Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). Moreover, the sufficiency of the evidence is not one of the exceptions to the preservation requirement in probation-revocation proceedings. See, e.g., Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000) (noting that the three exceptions to the preservation requirement in probation-revocation proceedings are (1) the requirement that there be an adequate written order of revocation; (2) the requirement that a revocation hearing be held; and (3) the requirement that the trial court advise the probationer of his or her right to request an attorney). Therefore, this issue was not properly preserved for review and will not be considered by this Court.
K.W.J. also contends that the trial court’s order revoking his probation was inadequate because, he says, the court failed to state its reason for revoking his probation. We agree.
Although K.W.J. did not object to the trial court’s written revocation order, it is well settled that “the adequacy of a written order of revocation can be raised for the first time on appeal.” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000). In its order, the trial court stated:
“Court heard testimony from Det. La-chance regarding [KW.J.’s] involvement with the robbery. Victim [identified K.W.J. and codefendant and] will testify against [K.W.J.]. Court revoked [KW.J.’s] 2 yr. sentence.”
(C. 6.) Although the court adequately stated the evidence it relied on in revoking the appellant’s probation, the court failed to specifically state the reason for the revocation. See, e.g., McCoo v. State, [Ms. CR-03-0509, June 25, 2004] — So.2d —, — (Ala.Crim.App.2004), and Boles v. State, [Ms. CR-03-0474, June 25, 2004] — So.2d — (Ala.Crim.App.2004).
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we remand this case for the trial court to prepare a written revocation order setting forth the trial court’s reason for revoking K.W.J.’s probation. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
*20 McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result. SHAW, J., dissents, with opinion.