MONTIEL, Judge.
Secdrick Jremayne Barnes appeals from the revocation of his probation. The trial court’s order of revocation did not include the reasons for and the evidence relied on in revoking Barnes’s probation as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and Rule 27.6(f), A.R.Crim.P. Therefore, we must remand this cause to the trial court.
Although the appellant did not make an objection on this ground, we cannot procedurally bar this issue. Ex Parte Helton, 578 So.2d 1379 (Ala.1990); Taylor v. State, 600 So.2d 1080 (Ala.Crim.App.1992). This cause is remanded to the trial court so that he may provide this court with the reasons and the evidence relied on in revoking the appellant’s probation. A return to remand shall be filed with this court in 60 days.
REMANDED WITH DIRECTIONS.
All the Judges concur.