McMILLAN, Judge.
The appellant, Patricia Hoagland, was convicted of two counts of the unlawful possession of a controlled substance and was sentenced to five years’ imprisonment on each conviction. The sentences were suspended, and she was placed on five years’ probation. Her probation officer subsequently filed a delinquency report, charging that the appellant had violated her probation when she tested positive for morphine. After a hearing, the trial court revoked the appellant’s probation. The court subsequently denied her motion for reconsideration.
At the revocation hearing, the appellant admitted that she had violated a special condition of her probation by failing to pass a mandatory drug test. At the conclusion of the hearing, the trial court revoked her probation with the statement, “It’s revoked, then.” The court also entered the following notation on the case action summary: “Probation Revoked.”
The appellant contends that the trial court erred in failing to make a written statement of the evidence relied upon and the reasons for revoking her probation. She further contends that, pursuant to Barnes v. State, 641 So.2d 1253 (Ala.Cr.App.1993), we must remand the case for such a statement. The State argues that the appellant’s admission and the written delinquency report are sufficient to satisfy the requirements of Rule 27.6(f), Ala.R.Crim.P., which provides that the trial court is to make a written statement or state for the record the evidence relied upon and reasons for revocation.
Although this Court previously has held that a complete written order is not necessary if the order and the record together provide the requisite reasons and evidence, see Brown v. State, 515 So.2d 146 (Ala.Cr.App.1987); Salter v. State, 470 So.2d 1360 (Ala.Cr.App.1985), the Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala.1992), reiterated that a complete written order is required.
Therefore, this cause must be remanded to the trial court for the entry of a written order that states the evidence relied upon by the court and the reasons for revoking the appellant’s probation. A return should be filed with this Court within 30 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.