TYSON, Judge.
M.T.R., a juvenile, appeals from the order of the District Court of Covington County, Alabama revoking his probation and directing that he be committed to the Department of Youth Services of the State of Alabama. In this cause a formal written petition was filed in the juvenile court of Covington County, Alabama by the Chief Probation Officer in which he averred the following violation by this appellant:
“The said child is delinquent, in need of supervision in that he is in violation of his probation granted August 31, 1987 and negotiated on September 3, 1987, in that a complaint has been filed with the court by Mr. Anthony R. Jackson stating that he was assaulted by the defendant with a stick and suffered a broken arm as a result and that the incident occurred on September 3, 1987. The youth is also in violation of his probation in that the offense of assault II occurred after the established curfew time of 8:30 p.m. VIOLATION OF PROBATION.” (R. p. 1)
This petition is dated September 28, 1987 and duly sworn to and filed in juvenile court as required by law.
Following a hearing in this cause held on October 8, 1987, the court then entered its order determining that the juvenile had violated the terms of his probation, had been guilty of assault in the third degree and directed that he be committed to the custody of the Department of Youth Services of the State of Alabama. This order is dated October 8, 1987. (R. 2)
I
With reference to this proceeding, the appellant’s counsel raises three issues on appeal. Counsel first argues that the trial court specifically failed to follow Rule 24 of the Alabama Rules of Juvenile Procedure in that counsel avers that the juvenile court did not explain the appellant’s rights, the nature of the proceedings or correctly explain the alternatives available if the appellant was to be adjudged delinquent.
Record 1 of the transcript of the hearing in this cause reads as follows:
“THE COURT: All witnesses expected to testify in this case need to stand up and raise your right hand and be duly sworn.
“(At which time all witnesses expecting to testify were sworn by the Court)
“THE COURT: We need the Rule. All of you please take a seat outside until you are called. Okay, Mike, violation of probation petition has been filed against you in the Juvenile Court here in the County and it states that you are in violation of your probation granted August 31, 1987, and negotiated on September 3, 1987, and that a complaint has been filed with the Court by Mr. Anthony R. Jackson stating that he was assaulted by the Defendant with a stick and suffered a broken arm as a result of that and that the incident occurred on September 3, 1987. The youth is also in violation of his probation as the offense of assault II occurred after the established curfew time of 8:30 p.m. We have appointed Mr. Gerald Johnson to represent you and he has represented you in *327 the past. Have you had an opportunity to talk with him today?
“A. Yes, sir.
“THE COURT: Do you need any more time to talk to him?
“A. No, sir.
“THE COURT: And I note that your mother is here in Court with you. The options available to the court would be to place you in the custody of the Department of Youth Services, or to place you in the Department of Youth Services and suspend that commitment and place you on some sort of further probation with the Covington County Department of Youth Services. Those are basically the only options available. Are you ready to proceed with the hearing, Mike?
“A. Yes, sir.
“THE COURT: Go ahead Mr. McGuire.” (R. 1 and 2)
It is the opinion of this court that the Juvenile Court of Covington County fully complied with Rule 24, as herein noted above, as appellant was fully advised as required by the stated rule of the charges against him and the nature of the proceedings as herein noted.
II
Counsel next argues that the trial court, pursuant to the provisions of § 12-15-65(b) Code of Alabama 1975, should have advised the appellant of his rights under the law at first appearance and of the specific allegations in the petition and an opportunity to admit or deny same. As herein before noted this court, having reviewed the record, is of the opinion that the trial court complied with this requirement of Alabama law.
III
Finally, appellant’s counsel argues that, pursuant to the provisions of § 12-15-65(d), (e), (f) and (i), the trial court on proof must hold a disposition hearing specifically under paragraph (d) and determine as to the proper disposition of the cause in the best interest of the child. At the conclusion of the hearing in this cause, the following took place.
“Q. That’s all. We rest, Your Honor.
THE COURT: Do you have a Motion?
“MR. JOHNSON: We repeat the same Motion.
“THE COURT: Okay. I am going to deny the Motion. I am going to find that he has violated the terms of his probation and I am ordering that he be committed to the Department of Youth Services and pending commitment he is to be held in Dothan. Denny hold him downstairs until I get you an order.
“MR. JOHNSON: Your Honor, can we inquire as to the term of the commitment, the length of commitment.
“THE COURT: There is no set length of commitment to the Department of Youth Services. They work under a level system. He goes in at Level I, if his behavior is appropriate for a certain period of time, he moves up to Level II, then to Level III and finally to Level IV. And if he maintains at Level IV for the prerequisite set period of time, they release him. It ranges anywhere from probably as short a time as maybe six months, it could be years if his behavior is terrible. They have to release him when he is twenty one years of age.
“MR. JOHNSON: If we appeal, can the Defendant be released on bond pending appeal?
“THE COURT: No, sir, the provision set for that is that if you appeal to the Court of Criminal Appeals, the Appellate Court can stay the proceeding, not this Court. There is a specific provision that there is no stay of my order, but the Appellate Court can stay it. If you need a transcript, let Mrs. Johns know as soon as possible, so she can get it started.
“MR. JOHNSON: Would you appoint me to represent Mr. R. on appeal?
“THE COURT: Yes.
“MR. JOHNSON: Will you provide a free transcript?
“THE COURT: Yes.
“MR. JOHNSON: Then we enter oral notice of appeal and request a transcript.
“THE COURT: Okay.” (R. 44-45)
Further, on record 2, the following formal order was entered by the trial judge:
“A hearing was held in this cause on October 8, 1987. The juvenile was *328 present in Court with his mother and Guardian Ad Litem, Hon. V.G. Johnson. After taking testimony, the Court finds that this juvenile violated the terms of his probation. The Court specifically finds that the juvenile committed assault III and violated his curfew. It is therefore,
“ORDERED, ADJUDGED and DECREED that M.T.R. is a delinquent child and is in need of supervision by the State of Alabama. He is hereby committed to the custody of the Alabama Department of Youth Services. Pending commitment he is to be detained in the Southeast Alabama Youth Services Diversion Center in Dothan, Alabama.
“Done this the 8th day of October, 1987.”
Inasmuch as this appellant was already on probation for a previous violation of law, all that was required is that the trial court hold a hearing and determine whether or not the appellant had violated the terms of his probation. This was not an initial hearing to determine whether or not this appellant was, in fact, a delinquent. This fact alone would distinguish this case from those cited in appellant's counsel’s brief.
Moreover, we are of the view that the trial court did consider whether or not this appellant was, in fact, a delinquent under the evidence presented and in need of further supervision by the State of Alabama. The trial judge’s order fully covers this.
We have carefully considered this record and the orders entered therein and are of the view that appellant’s probation was properly revoked and the order placing the appellant in the custody of the Department of Youth Services was correct.
In view of our determinations herein, we are of the view that this cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.