McMILLAN, Judge.
The appellant, Greg Gilliland, appeals from the revocation of his probation. The appellant was convicted on August 22, 1994, of unlawful possession of a' controlled substance and was placed on three years’ probation. On January 15, 1997, a probation arrest warrant was executed against the appellant, with service of the order containing-the list of violations. On' February 13, 1997, 'a revocation hearing was held wherein the appellant was represented by counsel. After the hearing, the trial court revoked the appellant’s probation and signed an order committing him to jail. •
The appellant argues thát the order of the trial court is insufficient to support his probation revocation because, he says, it does not meet minimal due process standards. Specifically, he argues that there is nothing in the record to indicate that he received notice of the delinquency report filed against him or the order setting a hearing. He further argues that, although the trial court’s order sufficiently states the reasons for revoking his probation, it fails "to state the evidence it relied upon as a basis for revocation.
In Allen v. State, 644 So.2d 45 (Ala.Cr.App.1994), this Court stated:
“ ‘The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.’ Rule 27.6(f), A.R.Crim.P. This rule is ‘intended to comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).’ Committee Comments to Rule 27.6.
“ ‘Section (f) is included to give a reviewing court a basis for evaluating the revocation hearing and decision. Both Gagnon, supra, and Armstrong, supra, require that a written statement be made as to the evidence relied upon and the reasons for revoking probation. A written judgment entry would constitute a sufficient written statement.’ Id.”
See also Hairgrove v. State, 668 So.2d 887 (Ala.Cr.App.1995).-
Here, the reasons given by the trial court are sufficient to support the revocation of probation; specifically, the failure to appear in court, the failure to report to the state probation officer, the failure to pay court-ordered monies, the failure to pay supervision fees, and the failure to complete the Court Referral program. However, the trial court failed to staté the evidence it relied upon as the basis for the revocation. See Allen v. State, supra. Additionally, the trial court’s order did not contain a statement that it was reasonably satisfied that the appellant was guilty of the charged offense. “Before revoking probation because the probationer had been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.” Wade v. State, 652 So.2d 335 (Ala.Cr.App.1994).
Therefore, this cause is remanded to the trial court to enter specific findings as to the evidence relied upon, including a statement as to whether it is reasonably satisfied that the charges against the appellant are true. The trial court shall make due return to this Court at the earliest possible time within 60 days of the release of this opinion.
*1118 REMANDED WITH INSTRUCTIONS.*
All judges concur.

 Note from the reporter of decisions: On March 6, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.