COBB, Judge.
James Terry Henton pleaded guilty to unlawful possession of cocaine, a violation of § 13A-12-212, Ala.Code 1975. Because he had a prior felony conviction, he was sentenced to 15 years’ imprisonment. However, that sentence was ultimately reduced to a split sentence and he was ordered to serve 3 years’ imprisonment after serving 1 year of supervised probation.
At sentencing, Henton was ordered to enroll in and to complete the court referral program, as well as any resulting aftercare program. Henton signed an acknowledgement as part of the trial court’s order on October 9, 1997, agreeing to complete a “substance abuse evaluation/assessment.” (C. 15.) That order also included the following language: “THE DEFENDANT IS HEREBY ORDERED to contact, within Five (5) days, the Court Referral Officer (CRO) at [telephone number provided] for further evaluation and assessment. Failure to obey the COURT ORDER may result in the DEFENDANT being held in contempt and/or revocation of probation.” (C. 15.)
Four months later, in February 1998, Henton’s court referral officer, Jonathan H. Armstrong, filed a report stating that Henton had been terminated from the court referral program because he had never contacted Armstrong. In response, the State filed a motion to revoke Henton’s probation, stating that Henton had “failed to comply with the terms of his probation that require him to meet with the Court Referral Officer and complete any recommended program.” (C. 16.) Henton was contacted and submitted to a drug test. Upon notice that Henton had tested positive for cocaine, the court sent him to jail *916 and scheduled a probation revocation hearing. After the hearing, the trial court revoked Henton’s probation for failing to report to the court referral officer and failing to complete the recommended program.
I.
Henton argues that the order revoking his probation should be reversed and his case remanded. We disagree.
A.
Henton asserts that he was not adequately notified of the terms and conditions of his probation. He specifically contends that there is no evidence that he was provided with a copy of the probation order or that he was notified of the terms and conditions of probation.
The court complied with Rule 27.1, Ala. R.Crim.P., by issuing the order of commitment to the court referral officer. (C. 15.) Henton signed the order on October 9, 1997, directly underneath the following statement: “I, the DEFENDANT, do understand the above COURT ORDER and will comply with its conditions.” (C. 15.) The order also.plainly states at the bottom of the page, “Court Copy (White) ... Court Referral Officer (Yellow) ... Defendant (Pink),” indicating that the order was executed in triplicate and that one copy was provided to Henton. (C. 15.) That order also included the following language: “THE DEFENDANT IS HEREBY ORDERED to contact, within Five (5) days, the Court Referral Officer (CRO) at [telephone number provided] for further evaluation and assessment. Failure to obey the COURT ORDER may result in the DEFENDANT being held in contempt and/or revocation of probation.” (C. 15.)
Based on the foregoing, there is evidence that Henton was provided with a copy of the probation order and that he was notified of the terms and conditions of his probation.
B.
Henton also challenges the revocation of his probation on the ground that the requirement that he complete the court referral program within the first four months of his probation was not a stated condition of probation. He is correct; however, reporting to his Court Referral Officer and enrolling in a program were set out in the probation order. The court ordered that he contact his court referral officer within five days of October 9, 1997. His probation was revoked because he never contacted the officer, making completion of the program impossible.
C.
Henton maintains that allegations of collateral misconduct made at the probation revocation hearing were irrelevant.
Upon a review of the record, there is no evidence that allegations of collateral misconduct were part of this proceeding or were used as a basis for revocation of probation.
In conclusion, the failure to report to the state probation officer is a valid reason for the revocation of probation. § 15-22-52, Ala.Code 1975; Gilliland v. State, 712 So.2d 1116, 1117 (Ala.Crim.App.1997). A trial court may revoke probation if it is reasonably satisfied from evidence that a violation of a condition of probation occurred. Rule 27.6(d)(1); Taylor v. State, 706 So.2d 1301 (Ala.Crim.App.1997). Based on the foregoing, we conclude that Henton was aware of the terms and conditions of his probation and that the trial court properly found that Henton had violated the conditions of his probation.
II.
Henton contends that the circuit court’s order revoking his probation fails to meet the requirements of Rule 27.6(f), Ala.R.Crim.P., which states that “[t]he judge shall make a written statement or state for the record the evidence relied *917 upon and the reason for revoking probation.”[1] The State concedes, and we agree with Henton. The circuit court’s order states the following:
“Comes now the defendant and counsel and counsel for the State of Alabama before the Court on the State’s Motion to Revoke Probation, to wit: Failure to Report to the Court Referral Officer and comply by his instructions to complete a recommended program. The Court having heard testimony and having considered the evidence, adjudges the defendant guilty of having violated the terms and conditions of his probation and hereby ORDERS that the defendant’s probation is revoked. The defendant is remanded to the Department of Corrections to serve the three years split sentence to which he was sentenced.”
(C. 21.)
“In accordance with Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.” Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). “These requirements offer the probationer some protection from an abuse of discretion by the trial court, aids an appellate court in reviewing a revocation, and prevents future revocations based on the same conduct.” T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994).
The trial court’s order in this case, while stating the trial court’s reason for revoking Henton’s probation, fails to state the evidence the court relied upon in reaching its decision. Therefore, this cause is due to be remanded. The trial court is instructed to file a written statement of the evidence relied upon in revoking Henton’s probation. The trial court shall take necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 49 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.

. "The adequacy of a written order and the failure to hold a revocation hearing may be raised even if there was no objection on these grounds at trial.'' Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997).

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.