McMillan, judge.
The appellant, A.D., appeals from the juvenile court’s order revoking his “aftercare” status and sentencing him to 12 months in the custody of the Department of Youth Services.
The evidence presented by the State tended to show the following: The appellant was originally found to be delinquent as the result of his involvement in a fight at Parker High School on October 28, 1998. The juvenile court judge placed him on juvenile “aftercare” on September 14, 1999. Pursuant to the judge’s order, the appellant was instructed to obey the law, to conduct himself properly, to cooperate with A.S.A.P., to comply with electronic monitoring, and not to leave Jefferson County.
On September 27, 1999, the appellant’s juvenile court probation officer filed a complaint, seeking to revoke his aftercare status. The complaint alleged that the appellant had violated the terms of his aftercare by assaulting a school employee, by being absent from class without authorization, and by using profane language. At the hearing on the complaint, the State presented evidence that the appellant had been involved in a second altercation with a female student at Parker High School. The appellant was cursing at the girl while she struggled to free herself from his grasp. An employee of the school board, Gary Thomas, was installing computer cable at the time of the altercation, and he witnessed the incident. When he attempted to intervene on the girl’s behalf, the appellant began cursing and threatening him. The appellant removed his jacket and hat and bumped Thomas’s chest with his own. The altercation was broken up by other school employees. As the employees were taking the appellant to the principal’s office, he broke away from them and attempted to attack Thomas a second time.
At the hearing, the appellant testified that he did not use profanity and that he had bumped Thomas accidentally.
In its order revoking the appellant’s aftercare status, the juvenile court stated:
“Based on same, on October 28, 1998, the original petition in this cause was filed regarding child herein being involved in a fray at Parker High School. After a finding of delinquency, this child repeatedly violated ■ his probation and was committed to the Alabama Department of Youth Services — after completing HIT previously, child has again violated this court’s orders by causing chaos at Parker High School. This court finds child completely unamenable to treatment; therefore, child is sentenced to 12 months at Alabama DYS— child to obtain GED while at DYS. Child placed in DYS custody....”
In Henton v. State, 733 So.2d 914, 917 (Ala.Cr.App.1998), this Court stated:
“In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.” Trice v. State, 707 So.2d 294, 295 (Ala.Cr.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aids an appellate court in reviewing a revocation, and prevents future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Because the juvenile court’s order fails to state the specific reasons for revoking the appellant’s aftercare status, and because it does not set out the evidence it relied upon, this cause must be remanded *246 to the juvenile court. See Montgomery v. State, 687 So.2d 1277 (Ala.Crim.App.1996); M.T.R. v. State, 522 So.2d 325 (Ala.Crim.App.1988). The juvenile court is instructed to file a written statement indicating the specific reasons for the revocation, and the evidence it relied upon in reaching its decision. Additionally, the juvenile court should include a statement in its written order, indicating that it is reasonably satisfied that the appellant has committed the offense.
The juvenile court shall take necessary action to see that due return is made to this Court at the earliest possible time within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB and FRY, JJ., concur. BASCHAB, J., concurs in the result.

 Note from the reporter of decisions: On September 22, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.